Roane J.
This was an action of slander, and issue was joined upon the plea of not guilty. After an ineffectual effort to obtain the verdict of a jury, who could not agree, the cause was by mutual consent referred to eight arbitrators, seven of whom returned an award in favour of the defendant in error. The plaintiff tendered a bill of exceptions to the opinion of the Court, over-ruling a motion to set aside the award, which states, that the arbitrators admitted as evidence, a letter written by Joseph White, in North Carolina, to F. White, a witness sworn before them ; and that the defendant also produced in Court the affidavit of F. Fitzgerald,, one of the arbitrators, stating, that the said letter so admitted, induced some of the referees to give greater damages than they would otherwise have done ; but that the motion was overruled, because it appeared from the affidavits of two of the referees, made in open Court, that the said F. White was sworn as a witness before them, and being asked, whether he believed the plaintiff Thomas had been injured by the slanderous report circulated by the defendant, answered yes, he believed he had been injured : and being further asked, what ground he had *220 for such belief, he produced the letter above stated, in which the said report was spoken of, and declared he believed it to have been written by the said Joseph White. Such is the purport of the bill of exceptions, and the objection is, that the arbitrators ought not to have admitted this letter to have been read.
After proving the speaking of the slanderous words in an action of this sort, the next inquiry is, whether the plaintiff has been injured, and what is the extent of that injury. This depends in a great degree upon the circulation of the report, by which the character of the party aspersed may suffer in the estimation of those who have heard the slander. The only purpose for which the letter mentioned in the bill of exceptions was produced, was to prove that the report had circulated, and was known to the writer; the letter was not intended to prove that the defendant propagated the report, nor was it competent to establish that fact. If the letter had not only stated that the report was known to the writer, but had also averred that the plaintiff had propagated the report; such averment would have been inadmissible to prove this latter fact; and if the plaintiff had stated such to have been its purport in the bill of exceptions, it would have made his case very different from what it now is. But I must take it for granted upon this record, that the letter only spoke of the report as being known in North Carolina, and that it was merely produced to prove that it had circulated. The question then is, whether it was proper evidence for such last mentioned purpose. That the report had circulated so as to come to the knowledge of the writer, is as clearly established by the letter itself, as if he had deposed to the same effect before the arbitrators, and no cross examination could possibly do away a conviction that he who spoke of the report, had heard it. But this letter was also proved to have been written by Joseph White ; it was therefore competent evidence for the purpose for which it was produced, and the arbitrators did right in permitting it to be read.
I think the judgment ought to be affirmed.
*221 Fleming J.* — -It is, true, that arbitrators ought to foe governed by the same rules of evidence which prevail in Courts of Justice. The question then is, ought this letter to have been read in evidence if the cause liad been tried in Court. I am of opinion it ought I consider this case as furnishing one of the exceptions from the general rule. The hand writing of Mr. White was clearly proved, and the letter was as complete evidence of the fact for which it was produced, namely, that the report had been heard by the writer, as if he had been examined before the arbitrators and had declared it upon oath. This case is very different from what it would have been, had the letter been produced to prove the speaking of the words, or the propagation of the report by the defendant. In the one case the party might have derived benefit from the cross examination of the writer, in the present case It would have been impossible.
The President concurred in opinion.
Judgment affirmed.([1])

(1) Ligon v. Ford, 5 Munf. 10.