MONCURE, J.,
concurred in reversing the judgment.
The judgment was as follows:
It appears from the first bill of exceptions, that at the trial “the defendant offered evidence to prove, in mitigation of damages, that at and about the time of speaking the words in the declaration mentioned, the plaintiff and defendant were engaged in an angry and exciting controversy in the Court, and that they were both in the habit of using towards and concerning each other violent and abusive language, and that about that time, although not at the time when the words charged in the declaration: *416 were spoken, the plaintiff had used to and about the defendant language equally offensive and insulting with that in the declaration mentioned. But that the Court being of opinion that such evidence was inadmissible for any purpose, refused to permit evidence of slanderous, defamatory and insulting words spoken by the plaintiff to, of, or concerning the defendant, at other times or on different occasions from the times and occasions on which the words charged in the declaration *were spoken.” In this decision of the Circuit court, it seems to this Court there is no error.
It further appears from the second bill of exceptions, that at the trial “the defendant as to the words in the declaration mentioned as imputing to the plaintiff a theft of an order on Stofer, offered evidence to prove the circumstances under which the plaintiff became possessed of the order on Stofer, and his whole conduct' in relation thereto, and to shew that, although not justifying the speaking of the words in the declaration mentioned as importing theft, those circumstances and the conduct of the plaintiff were in themselves highly improper, and such as were calculated justly to excite the defendant and to arouse his suspicions: But that the Court being of opinion that such evidence was inadmissible under the plea of not guilty, which was the only plea in the cause, refused to admit the evidence. ’ ’ And it seems to this Court, that if this bill of exceptions is to be understood as importing that the evidence offered as therein mentioned, neither proved nor tended to prove that the plaintiff was guilty of stealing the order on Stofer, but upon the whole relieved him before the jury from all imputation of such guilt, then that the Circuit court erred in rejecting said evidence. But if, on the contrary, the bill of exceptions is to be understood as importing that the evidence so offered did prove or tend to prove that the plaintiff was guilty of such theft, so as to leave him before the jury unrelieved from all imputation of that crime, then that said evidence was properly rejected by the Court. And while some of the members of this Court are of opinion that the bill of exceptions justly bears the former interpretation, others think that the evidence offered is not set forth with sufficient certainty to free it from the latter, and therefore that the bill of exceptions is too imperfect to enable us to determine what was the precise ^question intended to be presented, and that the judgment ought for that reason to be reversed.
It is therefore considered by the Court, that the said judgment of the Circuit court be reversed and annulled, and the verdict of the jury set aside with costs to the plaintiff in error. And the cause is remanded to the Circuit court for a new trial to be had therein, which new trial is to be governed, so far as applicable, by the principles above declared.
LIBEL AND SLANDER.
I. Definitions.
II. What Is Defamatory — Actionable Quality of Words.
1. Distinction between Oral and Written Words.
2. Distinction between Words Actionable Per Be and Pei' Quod.
3. Words Importing Crime.
a. Written Words.
b. Oral Words.
c. As Respects Particular Crimes.
i.Words Not Importing Commission of Crime.
a. Written Words. ‘
b. Oral Words.
c. Statutory Provisions.
d. Words Exposing Another to Ridicule, Contempt, etc.
'e. Written Words Imputing Dishonest, Immoral and Dishonorable Acts.
5. Words Imputing Unchastity.
6. Words Touching Another in His Trade, Office or Employment.
7. Construction of Words.
a. Distinction between Words Which Are and Are Not Actionable Ex Vi Termini.
b. Office of Inducement, Colloquium and Innuendo.
III. Defamation Must Apply to the Plaintiff.
IV. Malice.
1. Gist of the Action.
2. Inference of Malice.
3. Presumption of Malice.
V. Publication
1. General Circulation Not Necessary.
2. Communication to Others.
3. Proof of Circulation.
VI. Privileged Communications.
1. Classes of Privileged Communications.
2. Absolute Privilege.
a. Judicial Proceedings.
b. Statement of Rule.
c. Province of Court — Of Jury.
d. Presumption of Malice.
3. Qualified Privilege.
a. Definition.
b. Same at Common Law and under the Statute.
c. Right to Reply to an Attack.
d. Instances of Privileged Communications.
e. How Privilege Ascertained.
f. Province of Court — Province of Jury.
VII. Criticism and Comment.
1. Candidates for Office.
a. Newspaper Proprietors — Freedom of Press.
3. Truth a Justification — Indictments.
VIII. Who Are Liable for Slander or Libel.
1. Insane Persons.
2. Husband Liable for Slander and Libel of Wife.
IX. Defences — Truth or Justification.
a. Civil Actions.
b. Indictments for Libel.
c. Justification of a Charge of Perjury.
d. Apology in Mitigation.
e. One Slander Cannot Be Set Off against
Another.
X. Evidence.
1. Scope of This Section.
2. Evidence in Support of Character.
XI. Damages.
1. Special Damage.
2. Elements of Damages in General.
XII. Pleading and Practice.
*417 I.DEFINITIONS.
Definition of Insult. — To insult, says Webster, is “to leap upon, to treat with abuse, insolence or contempt ; to commit an indignity upon, as to call a ■man a liar.5' But, as a general rule, each case must be governed by its own circumstances and surroundings, and the chief circumstance to be considered is the animus of the defendant in using the words complained of. It is often difficult to determine what is an insult, as it may depend upon a variety of circumstances. Chaffin v. Lynch, 83 Va. 106, 116, 1 S. E. Rep. 803; Brooks v. Calloway, 12 Leigh 466; Moseley v. Moss, 6 ratt. 534 ; Corr v. Lewis, 94 Va. 24, 26 S. E. Rep. 385.
Definition of Defamation.“All common-law defa-mations are insults, and many of them sometimes more. The term “defamation” is used indiscriminately to designate both libel and slander. Payne v. Tancil, 98 Va. 262, 35 S. E, Rep. 725; Moseley v. Moss, 6 Gratt. 547.
Definition of Libel. — It is sufficient to constitute a libel, that the language tends to injure the reputation of the party, to throw contumely, or to reflect shame and disgrace upon him. or to hold him up as an object of scorn, ridicule or contempt, and it is not necessary that the writing should contain the imputation of an offence which may be indicted or punished: and, provided the meaning is plain, it is not necessary that the libelous utterances be in the form of positive assertion, but it is equally libelous if they are in the form of insinuation. The publication may be either by writing, printing or pictures. Adams v. Lawson, 17 Gratt. 250, 255; Chaffin v. Lynch, 83 Va, 115, 1 S. E. Rep. 803; Johnson v. Brown, 13 W. Va. 71, 122 ; State v. Aler, 39 W. Va. 549, 20 S. E Rep. 588; 4 Min. Inst (4th Ed.) 470,471.
“Lynch Law” — “Judge Lynch.” — For the meaning and definition of “Lynch Law” and “Judge Lynch,” see State v. Aler, 39 W. Va. 549, 20 S. E. Rep. 585.
Difference between Slander and Libel. — Slander is not a public offence, but only a civil injury; but libel is both a civil injury and a public offence, it is deemed a public offence because it endangers the public peace by the bad passions it engenders, and also because the means adopted for its publication render it more injurious to the party wronged, and demonstrate a more deliberate and malignant intent in the offender. 4 Min. Inst. (4th Ed.) 469.
II. WHAT IS DEFAMATORY-ACTIONABLE QUALITY OF WORDS.
1. DISTINCTION BETWEEN ORAL AND WRITTEN WORDS. — Words spoken, as distinguished from words written, which are actionable at common law, are classified as follows : 1. Words falsely spoken of a person, which impute to him the commission of some criminal offence, involving moral turpitude, for which, if the charge is true, he may be indicted and punished. 2. Words falsely spoken of a person, which impute that he is infected with some contagious disease which, if the charge is true, would exclude him from society. 3. Defamatory words, falsely spoken of a person, which impute to him unfitness to perform the duties of an office, or employment of profit, or want of integrity in the discharge of the duties of such an office or employment. 4. Defamatory words falsely spoken of a person, which prejudice such person in his or her trade or profession. 5. Defamatory words falsely spoken of a person, which, though not in themselves actionable, occasion such person special damage. Womack v. Circle, 29 Gratt. 198; Moseley v. Moss, 6 Gratt. 534; Hoyle v. Young, 1 Wash. 150, 1 Am. Dec. 446.
An action may lie for written words (as being a libel) which, if spoken only, would not be actionable. 4 Min. Inst. (4th Ed.) 465 et seq.
2. DISTINCTION BETWEEN WORDS ACTIONABLE PER SE AND PER QÜOD. — It is a settled rule of the common law that every publication of language which naturally and necessarily tends to injure another in his office, trade, or employment is, if without justification, libelous or slanderous, as the case may be, and actionable ver se. Thus to speak or write of a trader that he is insolvent, or of an innkeeper that his house is infected with a contagious disease, or to impute dishonesty or incapacity to one in his business, is actionable, without any proof of special damage, since, in all such cases, the law implies damage from the nature of the language used. When, however, the language does not import such defamation as will of course be injurious, and is therefore actionable only because it occasions special damage to the plaintiff, i. e., damage which, though the natural and immediate, is yet not the necessary result of the language used, there damage must be both alleged and proved. Moore v. Rolin, 89 Va. 107, 15 S. E. Rep. 520; Harman v. Cundiff, 82 Va. 239; Moseley v. Moss, 6 Gratt. 534; Hansbrough v. Stinnett, 25 Gratt. 495; Hoyle v. Young, 1 Wash. 150.
General Nature of Words Actionable Per Se. — The common law does not give reparation for all derogatory or disparaging words. To make such words actionable, unless special damage be shown, they must impute some oifence against the law, punishable criminally; or the having a contagious disorder tending to exclude from society; or which may affect one injuriously in his office or trust, or in his trade, profession or occupation; or which, in the case of a libel or written slander, tend to make the party subject to disgrace, ridicule or contempt. Words spoken that are merely vituperative, or insulting, or imputing only disorderly or immoral conduct, or ignoble habits, propensities or inclinations, or a want of refinement, delicacy or good breeding, are not regarded by the common law as sufficiently substantial injuries to call for redress in damages. Moseley v. Moss, 6 Gratt. 534.
3. WORDS IMPORTING CRIME.
a. Whitten Words. — Written words charging anyone whatever with the commission of any crime, whether it be a felony or a misdemeanor, are actionable without allegation or proof of special damage. Sweeney v. Baker, 13 W. Va. 158; Johnson v. Brown, 13 W. Va. 71; Com. v. Morris, 1 Va. Cas. 175.
b. Oral Words.-H is well settled that slanderous words are actionable per se, when they impute a criminal oifence involving moral turpitude, and no averment or proof of special damage is necessary to the recovery. Harman v. Cundiff, 82 Va. 239; Womack v. Circle, 29 Gratt. 192; Shroyer v. Miller, 3 W. Va. 158; McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415; Moseley v. Moss, 6 Gratt. 534; Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725.
Kind of Offence Necessary. — In order for words imputing a crime to be actionable per se at common law, they must impute guilt of some offence, for which the plaintiff, if guilty, might be indicted in the temporal courts, and punished as for an infamous crime, at leastpunishable with imprisonment. Hansbrough v. Stinnett, 25 Gratt. 495.
Misdemeanor. — In an action of trespass on the case, the count, without any special averments, charges *418 that the defendant falsely and maliciously charged that the plaintiff attempted to bribe a negro woman to burn a wheat stack on his land, and the court held that the statute, Code of 1873, ch. 188, sec. 5, makes the malicious burning of a wheat stack a felony, moreover, to solicit another to commit a felony, though the felony be not afterwards committed, is a misdemeanor at common law, indictable and punishable, and also involves moral turpitude, therefore the charge of such a misdemeanor is actionable per se at common law. Womack v. Circle, 29 Gratt. 192.
c. As Respects Particular Crimes.
Fornication — Adultery.—See post this note, “Words Imputing Unchastity.”
Embezzlement. — where a party, with the intention to injure the reputation of a person who is at the time a merchant, falsely and maliciously says of him, that “he has received more tobacco than he has accounted for to the house,” meaning the mercantile house of which the plaintiff and defendant were partners, is liable in an action for slander, without any colloquium being laid, these words being per se actionable, not only because they impute the crime of embezzlement, but because they tend to injure the plaintiff in his business. Hoyle v. Young, 1 Wash. 150.
False Pretenses — Embezzlement.—To write that the plaintiff, who was general superintendent of a certain corporation, used the money, means and credit of the company for his own private use, and that he used the company’s money to pay his own employees, and other similar expressions, are not libelous in themselves, as meaning necessarily that the plaintiff embezzled the money of the company, and an innuendo giving them such a meaning improperly extends and enlarges the meaning of words, which it is not the office of the innuendo to do. Johnson v. Brown, 13 W. Va. 71. See Argabright v. Jones, 46 W. Va. 144, 32 S. E. Rep. 995.
Forgery. — Words charging another with forgery are actionable. Donaghe v. Rankin, 4 Munf. 261. This case, however, went off on a question of pleading; the declaration containing no direct charge that the words were spoken by the defendant.
Larceny — Oral Words — Sheep Thief. — To call one a thief, to say of him that he stole sheep, or he stole my sheep, are words which impute a punishable offence, and are actionable. Harman v. Cundiff, 82 Va. 239. See Bourland v. Eidson, 8 Gratt. 27; M’Alexander v. Harris, 6 Munf. 465.
Horse Thieves — Landlord and Tenant. — A charge that the plaintiff, in an action for slander, and all his sons, are horse thieves and make their living by that means, and that they frequently harbored that kind of men, are actionable words, and the fact that the communication was made by a landlord to his tenant does not rebut the presumption of malice or bring it within the class of privileged communications, as there is no duty resting on a landlord to make such a communication. Dillard v. ^Collins, 25 Gratt. 343.
“He Killed Hy Beef.” — A charge that the defendant has “killed my beef" is not such a slanderous charge as is actionable per se at common law, unless the averment of extrinsic facts and the colloquium concerning them show that the defendant imputed to the plaintiff a felonious killing with an animo fwandi. Hansbrough v. Stinnett, 25 Gratt. 495.
He Is a Hog Thief. — It is actionable per se at common law to say of a man that he is a hog thief, as it clearly imputes to him the crime of .larceny. Cheatwood v. Mayo, 5 Munf. 16.
Charge That Plaintiff Has Killed Another’s Wild Hogs. — To charge a plaintiff with killing wild hogs, and advising him to pay the owner for them is libelous, and an innuendo is unnecessary to explain the meaning of these words. Adams v. Lawson, 17 Gratt. 250. See also, Sweeney v. Baker, 13 W. Va. 158.
. “Wouldn’tTrust Him in Your Hen-Coop.” — To charge that a certain candidate for office is such a person, as you wouldn’t trust in your hen-coop, conveys, in clear terms, an accusation that the party is a thief, and is actionable even when spoken of a candidate for office. Sweeney v. Baker, 13 W. Va. 158.
Larceny Not Charged — Injury to Reputation. — In case of libel, however, although the writing does not charge the crime of larceny, still it will be actionable, if the language tends to injure the reputation of the party, or to reflect shame and disgrace upon him. Adams v. Lawson, 17 Gratt. 250; Sweeney v. Baker, 13 W. Va. 158.
“You Are a Rogue.” — A charge that plaintiff is a rogue, and has stolen, is actionable. Bourland v. Eidson, 8 Gratt. 27.
Charge That Plaintiff Has Stolen. — To charge a plaintiff with stealing is actionable, without any averment or colloquium, as it clearly imputes a criminal offence. Harman v. Cundiff, 82 Va. 239.
Charge That Plaintiff Is a Thief. — Both oral and written words, charging a plaintiff with being a thief, and with stealing, have been held actionable per se, as imputing the crime of larceny. Harman v. Cundiff, 82 Va. 239; Bourland v. Eidson, 8 Gratt. 27; Johnson v. Brown, 13 W. Va. 71; Sweeney v. Baker, 13 W. Va. 158; Dillard v. Collins, 25 Gratt. 343.
Oral Words Charging Perjury. — It is perfectly well settled that an oral-charge of perjury is actionable per se at common law, without any allegation or proof of special damage, because it imputes a crime for which the plaintiff can be indicted and punished, if guilty. Shroyer v. Miller, 3 W. Va. 158; McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415; Bourland v. Eidson, 8 Gratt. 27; Hinchman v. Lawson, 5 Leigh 695; Kirtley v. Deck, 3 H. & M. 388; Lincoln v. Chrisman, 10 Leigh 338; M’Hutt v. Young, 8 Leigh 542; Grant v. Hover, 6 Munf. 13. See also, Donaghe v. Rankin, 4 Munf. 261; Brooks v. Calloway, 12 Leigh 466, which was an action under the statute of insulting words to suppress duelling.
Oral Charge of False Swearing. — To maintain an action at common law upon a charge of false swearing, the declaration must show not only the judicial proceeding in which the evidence was given, but that the charge of the defendant had reference to the evidence of the plaintiff in that case. Hogan v. Wilmoth, 16 Gratt. 80.
“Perjured Rascal.” — To accuse another of being a “perjured rascal” is actionable, as it implies that the plaintiff has been swearing falsely in a judicial proceeding, where he was called on to depose the truth according to his lawfully administered oath. Grant v. Hover, 6 Munf. 13.
Written Charge of False Swearing. — To write to another, saying, “I hope you will stop swearing lies about the trees,” and, “I will close this letter by advising you either to quit lying or preaching one,” are libelous, because they tend to injure the-reputation of the party, to throw contumely or to reflect shame and disgrace upon him, or hold him up as an object of scorn, although they do not necessarily impute the crime of perjury for which he may be indicted and punished. Adams v. Lawson, 17 Gratt. 250.
*419 Perjury — Materiality—Common Law. — “I am not aware that it lias ever "been held, in an action for slander at common law, upon a charge of perjury, that it must he averred in the declaration that the facts sworn to by the plaintiif were material to the proceedings pending at the time of the alleged false swearing: or that it was indispensable to set out and charge all the facts constituting such offence with the same technical strictness as would be reciuired in an indictment for the same offence.” Berkshire, J. Shroyer v. Miller, 3 W. Va. 158. See also, Hogan v. Wilmoth, 16 Gratt. 80; Kirtley v. Deck, 8 H. & M. 388.
“Loss of Ears” — Statutory Perjury — Materiality.— Now as the loss of ears is no part of the punishment of perjury at common law. and is a part of the punishment under the statute of 5 EJiz. a charge of false swearing, for which the plaintiff ought to have 'lost his ears,” is a charge-of statutory perjury, and the materiality of the matter sworn to must be shown. Kirtley v. Deck, 3 H. & M. 888.
Test of Materiality. — Whether a matter is material to the issue depends on the question whether its truth or falseness would affect the issue: and, if not, it is not material. McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415.
Solicitation to Commit Crime. — To solicit another to commit a felony, although the felony be not after-wards committed, is a misdemeanor at common law', indictable and punishable, hence to say that the plaintiff solicited a negro woman to burn a stack of wheat is actionable per se. Womack v. Circle, 29 Gratt. 192.
4. WORDS NOT IMPORTING COMMISSION OK CRIME.
a. Whitten Words. — Although the writing does not contain the imputation of a punishable or indictable offence, yet it may be actionable, as where the language tends to injure the plaintiff’s reputation, or hold him up as an object of scorn, ridicule or contempt. Adams v. Dawson. 17 Gratt. 250; Moseley y. Moss, 6 Gratt. 534; Moore v Rolin, 89 Va. 107. 15 S. E. Rep.520.
b. Orad Words.“Opprobrious epithets, such as cheat, villian, rascal, are not actionable at common law, without proof of special damage, or unless there is a colloquium to show that they were used in such a way, and under such circumstances, as to impute the commission of a crime to the plaintiff. Harman v. Cundiff, 82 Va. 239; Hansbrough v. Stinnett, 25 Gratt. 495; Womack v. Circle, 29 Gratt. 192: Moseley v. Moss, 6 Gratt. 534.
Exceptions — But oral words are actionable per se at common law if they impute the having of a contagious disease, tending' to exclude from society; or which may affect one injuriously in his office or trust, or in his trade, profession or occupation, although no crime is charged. Moseley v. Moss, 6 Gratt. 534; Moore v, Rolin, 89 Va. 107, 15 S. E. Rep. 520. See also, Hoyle v. Young, 1 Wash. 152.
c. Statutory Provisions.
Insulting; Words — Statute to Suppress Duelling.— Statutes have been enacted in Virginia and West Virginia for the purpose of suppressing duelling, and to give an action for such insulting words as were not actionable at common law. They provide that “All words which, from their usual construction and common acceptation, are construed as insults, and tend to violence and breach of the peace, shall be actionable. No demurrer shall preclude a jury from passing thereon.” Va. Code 1887, sec. 2897; W. Va. Code, ch. 108, sec. 2. See 18 Am. & Eng. Enc. Law, p. 908.
Applies to Written as Well as Spoken Words. The anti-duelling act has been held to apply to written as well as spoken words. Chaffin v. Lynch, 83 Va. 106, 1 S. E. Rep. 803; Rolland v. Batchelder, 84 Va. 664, 5 S. E. Rep. 695; Sweeney v. Baker, 13 W. Va. 158.
Insults to Another’s Wife within the Statute. — A letter written to a married woman, the wife of a neighbor, artfully and falsely asserting that in response to a letter from her. he is ready to meet her in an appointed place, is within the meaning of the statute of Insulting words, as it tends to violence and breach of the peace, on account of the natural impulse of a woman to communicate this proposal to her husband, and send him to meet the would-be seducer. Rolland v. Batchelder, 84 Va. 664, 5 S. E. Rep. 695.
May Proceed at Common Law or under the Statute. ~ A statutory suit for insulting words can'be brought, though the words used were such, as would sustain a suit at common law. and though they were published or written. Sweeney v. Baker, 13 W. Va. 158; Hogan v. Willnoth, 16 Gratt. 80; Moseley v. Moss. 6 Gratt. 534.
Although the words spoken are actionable at common law, they may also be declared on under the statute if the declaration or count satisfactorily shows that it was intended to be framed under the statute for insulting words, and not for common-law defamation. Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725; Chaffin v. Lynch, 83 Va. 106, 1 S. E. Rep. 803. See infra this note, title, “ Pleading and Practice. ”
Common Law Not Abrogated by Statute. — But the legislature did not intend, by passing the statute of insulting words, to interfere with the common-law actions for defamation, and a party aggrieved may still proceed at common law, as if the statute had never been passed. Hogan v. Wilmoth, 16 Gratt. 80; Moseley v. Moss, 6 Gratt. 534; Brooks v. Calloway, 12 Leigh 466. See also, 18 Am. & Eng. Enc. Law 908.
Publication under the Statute. — All the publication that is necessary under the statute of insulting words is, the writing and sending of such words to the person libelled. Rolland v. Batchelder, 84 Va. 664. 5 S. E. Rep. 695.
Province of Court, —it is the duty of the court to determine, whether a publication is capable of the meaningascribed to it by the innuendo. Johnson v. Brown. 13 W. Va. 71, 107.
Province of Jury — Insulting Quality of Words. — The insulting quality of: words depends so largely upon the manner and circumstances in which they are uttered, that they defy all rules of technical import and precision, and hence must be submitted to the experience, observation, and common sense of the jury. Brooks v. Calloway, 12 Leigh 466; Moseley v. Moss, 6 Gratt. 534; Bourland v. Eidson, 8 Gratt. 27; Corr v. Lewis. 94 Va. 24. 26 S. E. Rep. 385; Amos v. Stockert (W. Va.), 34 S. E. Rep. 827. See also, Sweeney v. Baker, 13 W. Va. 158.
Moreover, in actions founded upon the Virginia and West Virginia statute, making insulting words actionable, the jury is. by express provision contained in those statutes, made the sole judge oi the insulting quality of these words. Va. Code 1887. sec. 2897; W. Va. Code, ch. 103, sec. 2.
d. Words Exposing Another to Ridicule, Contempt, etc.* — It is well settled that any writing is libelous, which tends to injure the reputation of the party, or to render him odious, contemptible, or *420 ridiculous, or reflect shame and disgrace upon him, without any proof of special damage, although the writing does not impute a crime that may he indicted or punished. Adams v. Lawson, 17 Gratt. 250; Chaffin v. Lynch, 83 Va. 106, 1 S. E. Rep. 803; Moseley v. Moss, 6 Gratt. 534; Sweeney v. Baker, 13 W. Va. 158.
Charge of Hypocrisy. — A false publication in a newspaper, charging that a candidate for popular suffrage acts the part of a hypocrite, is actionable. Sweeney v. Baker, 13 W. Va. 158.
Rowdyism. — Falsely charging another with rowdyism is actionable. Sweeney v. Baker, 13 W. Va. 158.
Prize Fighter. — To write of another that he is a representative from the prize ring, is actionable per se. Sweeney v. Baker, 13 W. Va. 158.
Candidates for Office — “Social Leper.” — It is not libelous per se to charge a candidate for popular suffrage with being a “social leper" who should be “deodorized,” unless it affects his moral character, for his talents mentally and physically for the office he asks, may be freely commented upon, though such comments be harsh and unjust. Sweeney v. Baker, 13 W. Va. 158.
Lazy — Idle-Ignorant.—Nor isa charge against a candidate, that he is lazy, idle, uneducated and ignorant, libelous per se. Sweeney v. Baker, 13 W. Va. 158.
Gambler, Bully, Thief. — A false charge, however, that a candidate for office is a professional gambler, bully and thief ought to be severely punished. The fact that the party is a candidate for an office to be bestowed by the votes of the people, so far from being a justification for such falsehood, makes the outrage all the greater. If published against a private person not seeking office, it is admittedly a great outrage, for which the law affords redress not only by civil action but by indictment. The moral traits of the character of a candidate for office can no more be attacked than those of other persons. Sweeney v. Baker, 13 W. Va. 158.
Vituperative Language — III Breeding. — Words spoken that are merely vituperative, or insulting, or imputing only disorderly or immoral conduct, or ignoble habits, propensities or inclinations, or the want of delicacy, refinement or good breeding, are not regarded by the common law as sufficiently substantial to be treated as injuries calling for redress in damages. Moseley v. Moss, 6 Gratt. 534.
e. Written Words Imputing Dishonest, Immoral, and Dishonorable Acts. — As we have seen already written charges that the plaintiff has been guilty of dishonest acts such as the embezzlement of money, or that he is immoral, such as being a whoremaster, or that he has been guilty of lying and instituting vexatious litigation, are actionable per se, when the same words, if spoken, would not be, unless special damage were alleged. Johnson v. Brown, 13 W. Va. 71; Sweeney v. Baker, 13 W. Va. 158; Adams v. Lawson, 17 Gratt. 250; Moseley v. Moss, 6 Gratt. 534.
Groundless Litigation. — To write to a plaintiff, charging that all his object in appearing before a grand jury was to run him (defendant) to costs is libelous, because it amounts to a charge that the plaintiff is instituting vexatious and groundless litigation, which act involves moral turpitude. Adams v. Lawson, 17 Gratt. 250.
Written and Oral Words Imputing Lack of Veracity. —A written accusation against another that he has been making false representations, would be actionable, as charging a want of veracity, but oral words charging a want of veracity are not unless it appears that reference is had to a judicial forswearing. Argabright v. Jones, 46 W. Va. 144, 32 S. E. Rep. 995;. Moseley v. Moss, 6 Gratt. 534. In Argabright v. Jones, however, it did not sufficiently appear that the words were written concerning the plaintiff, and hence the action was dismissed.
Charge That Another Is a Liar — “Quit Lying.” — A written charge advising another to “Quit lying,” is actionable per se, because it imports that he has been lying, and such language tends to injure the reputation of the party, to throw contumely, or to reflect shame and disgrace upon, or hold him up as an obj ect of contempt. Adams v. Lawson, 17 Gratt. 250.
Dishonesty. — A written charge that the plaintiff in the slander suit is conspiring to defraud the corporation and its stockholders, and divert the money, means, and credit of the company to his own use, is libelous without an innuendo to explain its meaning. Johnson v. Brown, 13 W. Va. 71.
“Never Did an Honest Day’s Work.” — Written charges against a candidate for popular suffrage, that “he never did an honest day’s work,” or “never earned an honest penny” are privileged, because they merely amount to a charge that he is idle and lazy, and unfit to represent the people, for his talents mentally and physically for the office he asks may be freely, and even harshly, commented upon. Such charges against a private person, would be actionable, however. Sweeney v. Baker, 13 W. Va. 158.
Imputation of Fraud. — If it sufficiently appears that the words were written of the plaintiff by the defendant, a charge that the plaintiff has raised money by fraud is actionable perse. Argabright v. Jones, 46 W. Va. 144, 32 S. E. Rep. 995; Johnson v. Brown, 13 W. Va. 71. In the latter case, however, a written charge that the plaintiff was defrauding a certain corporation, was held to be absolutely privileged because it was contained in a bill in chancery. See post this note, “Privileged Communications.”
Cheat. — A written charge that another is cheating a corporation is not actionable when contained in a bill filed in chancery, but would be without the existence of such privilege, because it imputes to the plaintiff a crime. Johnson v. Brown, 13 W. Va. 71.
Cheat, Villian, Rascal, Coward, Ruffian. — Oral words charging another with being a cheat, villian, rascal, coward, ruffian are not actionable, without allegation and proof of special damage, or without a colloquium to show that they were spoken under such circumstances as to impute the commission of a crime to the plaintiff. Harman v. Cundiff, 82 Va. 239; Moseley v. Moss, 6 Gratt. 534.
Imputing Want of Dental Capacity.
“Confessed Ignoramus.” — To charge a candidate for popular suffrage with being a “confessed ignoramus” is not libelous, because his mental capacity and fitness for the office he seeks, may be freely and even harshly commented upon. Sweeney v. Baker, 13 W. Va. 158.
5. WORDS IMPUTING UNCHASTITY.
Written Words — “Pimp, Whoremaster.” — To write of anybody, even a candidate for popular suffrage, that he is a “pimp or whoremaster,” is actionable per se because it holds the person up as an object of contempt, and tends to injure his reputation. Sweeney v. Baker, 13 W. Va. 158.
*421 Oral Words Imputing Want of Chastity to Men or Women. — Oral words charging a man with having been guilty of adultery, seduction or debauchery; or a woman with vulgarity, obscenity or incontinence; where such defamation bears only on the feelings or general standing or reputation of the party implicated, and the misconduct imputed has not been made punishable by statute, is not actionable per se. Moseley v. Moss. 6 Gratt. 534.
Statutory Provision — Fornication, Adultery, Crimes. —But as both adultery and fornication are crimes in Virginia, a charge that involves the commission of either offence, is actionable per se. Va. Code 1887, § 3786; Payne v. Tancil, 98 Va 262, 35 S. E. Rep. 725.
Oral Charge of Having a Bastard. — An oral charge that a young girl of hitherto unblemished fame, had been delivered of a bastard child, is actionable. Blackwell v. Landreth, 90 Va. 748, 19 S. K. Rep. 791. See also, Cave v. Shelor, 2 Munf. 193. In the latter case, however, it did not appear clearly that the language was spoken of and concerning the plaintiff.
“Keeping a Woman/’ — See post this note, “Construction of Words.*’
How Actionable Charge Made. — It would seem that it is not necessary to impute unchastity in express terms, but if they are naturally and presumably understood by the hearers as imputing criminal intercourse it is sufficient. Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725.
6. WORDS TOUCHING ANOTHER IN HIS TRADE, OFFICE OR EMPLOYMENT.
Oral or Written Words. — It is a perfectly well-settled rule of the common law that words which tend to injure another in his trade, office or employment, are libelous or slanderous, as the case may be, without any allegation or proof of special damage. Moore v. Rolin, 89 Va. 107, 15 S. E. Rep. 520; Womack v. Circle, 29 Gratt. 192; Moseley v. Moss, 6 Gratt. 534; Hoyle v. Young, 1 Wash. 150; Harman v. Cundiff, 82 Va. 239.
Imputations upon Candidates for Office. — Opon this subject, see infra, this note, VII, “Criticism and Comment.*’
Oral Imputations upon Merchants. — False and malicious charges against a merchant, that tend to injure his reputation as a merchant, are actionable perse at common law. Hoyle v. Young, 1 Wash. 150; Harman v. Cundiff, 82 Va. 239.
Charge of Dishonesty against a Merchant. — A false and malicious charge by one partner against the other, that the latter has failed to account for goods he has received, is actionable because it imputes dishonesty to the plaintiff and would naturally injure him in his business. Hoyle v. Young, 1 Wash. 150.
7. CONSTRUCTION OF WORDS.
Defamation Need Not Be in Express Terms. — It seems that although the words do not import actionable defamation in express terms, or do so by insinuations, still it may be actionable; if, with reference to pre-existing or extrinsic facts, as shown by the conversation or discourse at the time the words were spoken, they do impute defamation, and provided the meaning is clear. Hansbrough v. Stinnett, 25 Gratt. 495: Adams v. Lawson, 17 Gratt. 250. See also, Harman v. Cundiff, 82 Va. 239.
Words Defamatory Though in Form of a Question.— The following defamatory language was held to be actionable, notwithstanding the fact that it was put in the form of a question. “Would you select a man to make laws, whom you would kick out of your house, and whom you wouldn’t trust in your hen-coop? Sweeney v. Baker, 13 W. Va. 158.
Surrounding Facts and Circumstances. — ln order to determine what is an insult the surrounding facts and circumstances must be taken into consideration, and the whole case must be looked at in the light of its own peculiar facts. For some words, when spoken contemptuously, or from ill-will, would be universally construed as insulting and tending to violence and a breach of the peace, while the same words spoken under other circumstances, would be considered harmless and unoffensive. Words of praise, spoken ironically, may be intended and accepted as insults, while, many words usually considered insulting, may, when spoken in jest, or by friends, be unexceptionable. Chaffin v. Lynch, 83 Va. 106, 1 S. E. Rep. 803; Corr v. Lewis, 94 Va. 24, 26 S. E. Rep. 385; Brooks v. Calloway, 12 Leigh 466; Moseley v. Moss, 6 Gratt. 534, 540; Hansbrough v. Stinnett, 25 Gratt. 495, 499; Bourland v. Eidson, 8 Gratt. 27, 37.
Plain and Popular Sense. — Words must be construed in the plain and popular sense in which the rest of the world would naturally understand them. It is not necessary that they should make the charge in express terms, it is sufficient if they consist of a statement of matters which would naturally and presumably be understood by those who heard them, as charging a crime. Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725 ; State v. Aler, 39 W. Va. 549. 20 S. E. Rep. 588.
It is a well-settled and familiar principle that in arriving at the meaning of the words, the court will understand the words of the writing as the rest of mankind would understand them: that is, according to their plain and ordinary import. Adams v. Lawson, 17 Gratt. 250; Womack v. Circle, 29 Gratt. 192.
Ancient Rule of In Mitiori Sensu. — In ancient times, the judges to discourage actions of slander, were very rigid in their decisions, from which arose the doctrine (long since exploded) that words should be taken in mitiori sensu. But it was found that this had the tendency to encourage actions, and a more rational and just principle was adopted : “That words should be understood in the sense they were understood by the bystanders.” Hoyle v. Young, 1 Wash. 150, 1 Am. Dec. 446 ; Cave v. Shelor, 2 Munf. 194 ; Harman v. Cundiff, 82 Va. 249. See also, 4 Min. Inst. (4th Ed.) 463.
Illustration. — For example, when it is said in reference to a woman that a man is “keeping her,” or of a man that he is “keeping a woman,” the ordinary and popular construction of such language is that the relation between the parties is one which involves criminal intercourse, and is actionable per se. Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725.
a. Distinction between Words Which Ahe and Are Not Actionable Ex Vi Termini.
Words Actionable Ex Vi Termini. — Some words are actionable ex vi termini, without any explanation whatever, because they convey the charge in such clear and unambiguous language, that no other possible construction can be put upon them; thus, when an indictable offence is charged, i. e., by saying that one is a thief, or words that convey the charge of perjury, or a criminal offence involving moral turpitude. Harman v. Cundiff, 82 Va. 239 ; Johnson v. Brown, 13 W. Va. 71; Bourland v. Eidson, 8 Gratt. 27 ; McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415 ; Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725.
Words Not Actionable Ex Vi Termini. — Some words, *422 however, are not actionable ex vi termini, but extraneous facts and circumstances, and the manner in which they were spoken may give to them an actionable quality, which they would not bear otherwise. Thus, to charge another man with killing your beef, or with swearing to a lie, is not ex vi termini, actionable, but depends on other facts and circumstances to make it so. Hansbrough v. Stinnett, 25 Gratt. 495 ; Harman v. Cundiff, 82 Va. 239; Hogan v. Wilmoth, 16 Gratt. 80 ; Moseley v. Moss, 6 Gratt. 534; Johnson v. Brown, 13 W. Va. 71.
b. Oottce op Inducement, Colloquium and In-nundo.
In General, — Where words do not ex vi termini convey an actionable imputation it is permissible and necessary to show that they were used in an actionable sense, by taking into consideration the facts and circumstances, and the intention of the person who published the defamatory language, and this is done 'by means of the inducement, colloquium, arid innuendo. Hansbrough v. Stinnett, 25 Gratt. 497; Moseley v. Moss, 6 Gratt. 534.
Office of Inducement. — It is the office of the inducement, or" averment as it is frequently termed, to show that words, which bear upon their face a doubtful meaning, if taken in connection with the discourse .that lead up to them, and the extrinsic facts and circumstances, impute a criminal offence or dishonesty in one’s calling or profession. Moseley v. Moss, 6 Gratt. 534; Sweeney v. Baker, 13 W. Va. 158, 31 Am. Rep. 757; Hansbrough v. Stinnett, 25 Gratt. 497. See also, Johnson v. Brown, 13 W. Va. 71.
Office 'of Colloquium. — It is the office of the colloquium to show that words, not on their face actionable, when taken with reference to pre-existing or extrinsic facts, spoken with reference to them, are actionable. The conversation or discourse of the defendant, at the time the words were spoken, may have ari important bearing on their meaning. Thus, in an action at common law for a charge of false swearing, it is the office of the colloquium to show the judicial proceeding in which the evidence was given, and that the charge had reference to the evidence given in that proceeding. The essentials of explanation are the averments of pre-exist-ing facts and the colloquium concerning them. 4 Min. Inst. (4th Ed.) 462; Hogan v. Wilmoth, 16 Gratt. 80; Hansbrough v. Stinnett, 25 Gratt. 495; Moseley v. Moss, 6 Gratt. 534, 550; Shroyer v. Miller, 3 W. Va. 160; Payne v. Tancil, 98.Va. 262, 35 S. E. Rep. 725.
Averment and Colloquium Cannot Be Helped by the Innuendo'. — If the accusation is not made by the words spoken, taken in connection with the colloquium and averment, it cannot be supplied by the innuendo. It is a clear rule of law, that the innuendo cannot introduce a broader meaning than that which the words, taken in connection with the averment and the colloquium, would naturally bear. Hansbrough v. Stinnett, 25 Gratt. 502; Harman v. Cundiff, 82 Va. 239, 244; Johnson v. Brown, 13 W. Va. 108; Moseley v. Moss, 6 Gratt. 534, 550.
Words Not Actionable PerSe Helped by Colloquium.— Though words are not actionable in themselves at common law, yet it may be shown by the averment of extrinsic facts and by the' colloquium in the introductory'part referring to them, that they have that meaning. 4 Min. Inst. (4th Ed.) 379: Hansbrough v. Stinnett, 25 Gratt. 498; Harman v. Cundiff, 82 Va. 244 (rascal, cheat, villian, not actionable without colloquium); Cave v. Shelor, 2 Munf. 194 (colloquium not averred).
Colloquium — How Actionable Charge Made. — Either the words themselves must be such as can only be understood in a criminal sense, or it must be shown by a colloquium in the introductory part that they have that meaning, otherwise they are not actionable, and the precise words spoken must be set out, and it is not sufficient merely to set them out in substance. Hansbrough v. Stinnett, 25 Gratt. 495.
Flust Be Understood by the Hearers. — An accusation of crime must be in precise terms, or have such a plain allusion to some, prior transaction that the hearers of the words must necessarily have understood that the slanderer meant to impute to the plaintiff the guilt of some punishable offence. Harman v. Cundiff, 82 Va. 239.
Office of Innuendo. — The office of the innuendo is to designate, not enlarge, the meaning of words; but where the words are unambiguous and actionable in themselves, the innuendo is unnecessary and may be rejected as surplusage. Moseley v. Moss, 6 Gratt. 549; Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725; Hansbrough v. Stinnett, 25 Gratt. 499; Johnson v. Brown, 13 W. Va. 109; State v. Aler, 39 W. Va. 549, 20 S. E. Rep. 588; Argabright v. Jones, 46 W. Va. 144, 32 S. E. Rep. 995.
Under Enlargement of Meaning. — Moreover an innuendo cannot introduce new matter, nor enlarge, change, or extend the natural sense or meaning of the alleged defamatory words, and if the words charged do not amount to slander, they cannot be helped by the innuendo. 13 Eng. Pl. & Prac. 51; Moseley v. Moss, 6 Gratt. 534; Argabright v. Jones, 46 W. Va. 144, 32 S. E. Rep. 995; Harman v. Cundiff, 82 Va. 244; Hansbrough v. Stinnett, 25 Gratt. 498; Johnson v. Brown, 13 W. Va. 107; Hogan v. Wilmoth, 16 Gratt. 80.
Not Capable of Proof. — As an innuendo is merely explanatory of that which is already, expressed, it is not capable of proof. 13 Enc. Pl. & Prac. 54; Argabright v. Jones, 46 W. Va. 144, 32 S. E. Rep. 995; Hogan v. Wilmoth, 16 Gratt. 80.
Explanation. — An innuendo may serve for an explanation to point out a meaning, where there is precedent matter expressed, and necessarily understood or known, but never to establish a new charge. State v. Aler, 39 W. Va. 549, 20 S. E. Rep. 585; Argabright v. Jones, 46 W. Va. 144, 32 S. E. Rep 995, 997. See Moseley v. Moss, 6 Gratt. 550.
Undue Enlargement Not Ground for a Demurrer. — Still if words spoken are per se actionable, the fact that the innuendo enlarges their meaning, and attributes to them a signification they do not bear, does not render them demurrable, because the words themselves being actionable, the innuendo is a sur-plusage and may be rejected, without vitiating the count or declaration. If the words in the declaration or count are sufficient in themselves, the innuendo, as we have seen, is useless; but if they are not sufficient in themselves, they cannot be aided by the innuendo. Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725. See also, Johnson v. Brown, 13 W. Va. 107, 108.
Innuendo Insures Certainty. — It is an elementary rule of pleading that whatever is alleged, must be alleged with certainty, and one of the means of insuring certainty in a complaint or indictment for slander or libel is an innuendo. Townshend on Slander and Libel, sec. 335; State v. Aler, 39 W. Va. 549, 20 S. E. Rep. 588.
But an innuendo cannot give a meaning to words which they do not necessarily import, either of themselves independently of any other circumstances, or with necessary reference to some other *423 circumstances occurring at tlie time of tlie accusation; an innuendo being' explanatory of subject-matter sufficiently expressed before, and that only. Hansbrough v. Stinnett, 25 Gratt. 499; Johnson v. Brown, 13 W. Va. 108; Moseley v. Moss. 6 Gratt. 550.
Words Unambiguous Innuendo Unnecessary.-— When the writing- on its face, in an action of libel, relates to the plaintiff and the words are libelous in themselves, the innuendo is unnecessary, and may be rejected as surplusage. Adams v. Lawson, 17 Gratt. 250. See also, Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725.
Particulars of Offences Need Not Be Set Out with Strictness Required in Indictment. — It is not indispensable in an action for slander at common law, upon a charge of perjury to set out and charge all the facts constituting the offence with the same technical strictness required in an indictment for the same offence. Shroyer v. Miller. 3 W. Va. 158.
The Crime Must Be Clearly Set Forth. — When the ground of defamation is, that the words or writing impute to the plaintiff a criminal offence, it must be made to appear so. clearly and unequivocally, either by the words themselves, or if they do not necessarily express that meaning, any doubt that exists must be removed by proper averments in regard to the subject-matter of the-discourse. Moseley v. Moss, 6 Gratt. 534; Hansbrough v. Stinnett, 25 Gratt. 495; Johnson v. Brown, 13 W. Va. 71.
HI. DEFAflATION MUST APPLY TO THE PLAINTIFF.
In order that an action for libel or slander may be maintained, it must be averred and shown that defamatory or slanderous words were spoken of and concerning the plaintiff, or that they were spoken in a conversation or colloquium concerning the plaintiff, and the words charged must clearly import that they related to him. In other woids the defamation must refer to some ascertained or ascertainable person, i. e., the plaintiff, and if no person appears to be slandered in particular, the averment or innuendo cannot make them defamatory. Argabright v. Jones, 46 W. Va. 114, 32 S. E. Rep. 995; Cave v. Shelor, 2 Munf. 193.
In an action of libel where the writing on its face relates to the plaintiff and the words are libelous in themselves, the innuendo is unnecessary and may be rejected as surplusage. Adams v. Lawson, 17 Gratt. 250; Moseley v. Moss, 6 Gratt. 534; Payne v. Tancil, 98 Va. 262, 35 S. 33. Rep. 725.
Defamatory Words Must Clearly Refer to the Plaintiff. — The law is thus stated in 13 Am. & Eng. Enc. Law, p. 391: “Defamatory words must refer to some ascertained or ascertainable person, and. that person must be the plaintiff. If the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory. An innuendo cannot make the person certain, which was uncertain before.'5 See Argabright v. Jones. 46 W. Va. 144, 32 S. E. Rep. 995, which case approves and adopts this language.
Direct Charge Necessary, — A declaration, in slander, containing a mere recital of slanderous words, and no direct charge that those words were spoken of the plaintiff by the defendant, is insufficient to maintain an. action of this kind, and judgment will be arrested after the verdict is rendered. It is a well-settled rule of pleading that the pleader must guard against statements made under the auodeum. Donaghe v. Rankin, 4 Munf. 261; Hord v. Dishman. 2 H. & M. 595; Moore v. Dawney, 3 H. & M. 127, 271; Syme v. Griffin, 4 H. & M. 277. See also, 4 Min. Tnst. (4th Ed.) 690.
IV. nALICE.
1. GIST OP THE ACTION.”It is a well-settled rule of law, that in every instance of slander, verbal or written, whether for insults under the statute, or common-law actions for defamation, malice is an essential ingredient, and forms the gist of the action, and it must be expressly or substantially alleged, but it is not always necessary to prove malice expressly. The law infers malice from the unauthorized publication of matter which is insulting or defamatory. The plaintiff makes out a -prima facie case by proving the words, written or spoken, as laid in the declaration. The one exception to the rule that malice is presumed, is in the case of privileged communications, and the legal effect of the exception is to change the burden of proving malice to the plaintiff. Chaffin v. Lynch. 83 Va. 116, 1 S. E. Rep. 863; Dillard v. Collins, 25 Gratt. 351; Moseley v. Moss, 6 Gratt. 534; Johnson v. Brown, 13 W. Va. 71, 122.
Absolute Privilege, Qualified Privilege. — The judge must decide whether the occasion is or is not privileged, and also whether the privilege is absolute or qualified. If he decides that the occasion was one of absolute privilege, judgment should be for the defendant, however maliciously and treacherously he may have acted, ii, however, the privilege was only qualified, the onus lies on the plaintiff of proving actual malice. 13 Am. & Eng. Enc. Law 429; Ward v. Ward (W. Va.), 35 S. E. Rep. 875.
2. INHERENCE OP MALICE — LENIENCY.-Although strong or violent language, disproportioned to the occasion, may raise up an inference of malice, and thus take away the privilege that otherwise would attach to it, still when the occasion is privileged, the tendency of the courts is not to submit the words to too strict a scrutiny, but rather to view them in the light of the facts as they appeared to the defendant; for the question is, not whether the imputations are true, but whether the words are such as the defendant might have honestly employed under the circumstances. Strode v. Clement, 90 Va. 553. 19 S. E. Rep. 177.
3. PRESUMPTION OP MALICE-BURDEN OP PROOF. — Upon the trial of an issue as to whether certain libelous matters are pertinent, etc., if it appear, that the libelous allegations were published in the due course of a legal procedure, though it be proved that the court had no jurisdiction, or that the allegations were not pertinent to the legal procedure, still the law does not presume malice on the part of the defendant; but the plaintiff must prove express malice, to entitle him to recover. When it appears that the libelous matters were published in the due course of legal procedure, though the court had no jurisdiction, or the libelous matters were impertinent, the prima facie presumption of malice is rebutted, and throws the burden of proving express malice on the plaintiff, the case being one of conditionally privileged publication. Johnson v. Brown, 13 W. Va. 71, 148; Strode v. Clement, 90 Va. 553, 19 S. E. Rep. 177, 178.
Presumption from Publication of Insults. — Malice may be presumed from the unauthorized publication of insults, and the plaintiff: makes out aprima facie case by proving the words as laid in the declaration; but the rule is not inflexible, and circumstances may rebut the presumption of malice. Chaffin v. Lynch, 83 Va. 117, 1 S. E. Rep. 803.
*424 Effect of Privilege upon Presumption of Malice.— When a communication is shown to he confidential, and in the exercise of a duty, the ordinary rule with respect to lihelous and slanderous words is so far changed as to remove the regular and usual presumption of malice, and to make it incumbent on the party complaining to show malice, either by the construction of the spoken or written matter, or by facts and circumstances connected with that matter, or in the situation of the parties, adequate to authorize the conclusion. Dillard v. Collins, 25 Gratt. 343.
Supplied by Implication. — Though malice is essential to all defamation, still it is an implication of law that all unauthorized defamation is malicious, except in cases of conditionally privileged communications, and then express proof of malice is necessary to render the communication defamatory. Hansbrough v. Stinnett, 25 Gratt. 506.
Slanderous Words Formerly Spoken. — For the purpose of proving malice, it is proper to admit evidence of slanderous words of the same and like character, spoken by the defendant of the,plaintiff before the institution of the suit, though the action on them is barred by the statute of limitations. Lincoln v. Chrisman, 10 Leigh 338.
Feelings and Hotives of Defendant. — But it is inadmissible to ask a defendant his feelings and motives in making a slanderous charge, and whether it was made with ill will against the plaintiff, or only for the protection of his own rights and interests, as his feelings and motives are immaterial after the slanderous words are proven to have been spoken, and the law will not allow him to say that no malice was intended, or that he did not mean to make the charge that the words, according to the common understanding of men, convey. Dillard v. Collins, 25 Gratt. 356; McAlexander v. Harris, 6 Munf. 465.
Rebuttal of riallce. — Although evidence tending to prove the truth of the words is inadmissible under the plea of not guilty, yet facts, which induced the mistaken belief in the mind of the defendant, that the charge was well grounded, are admissible to rebut malice. Ward v. Ward (W. Va.), 35 S. E. Rep. 875.
An Honest Belief. — In an action for defamation, the occasion being privileged, the question for the jury is, not whether the language used was true, or whether the defendant had reasonable ground to believe it true, but whether in point of fact he honestly believed it to be true, and published it without malice, in fair self-defence, or in the reasonable protection of his own interests. And if the plaintiff fails to show actual malice, then the communication is protected, and the defendant is entitled to the verdict, no matter whether the imputations contained in the publication were true or false, unless the plaintiff has availed himself of the occasion for some malicious purposes. A man is morally bound to defend his character against false aspersion, and his communication, if within the limits of the occasion, is protected, because made in the performance of a moral duty. Chaffin v. Lynch, 84 Va. 884, 6 S. E. Rep. 474; Johnson v. Brown, 13 W. Va. 126.
V. PUBLICATION — CRIHINAL AND CIVIL ACTIONS.
In order that a civil action for libel may be maintained, it must appear to have been communicated to one or more strangers; but the public offence is consummated by sending the libel to the party himself, although no one else shall see it. 4 Min. Inst. (4th Ed.) 471. See rolland v. Batchelder, 84 Va. 672, 5 S. E. Rep. 695.
Publication under Statute of Insulting Words.— Under the statute of insulting words, no publication is necessary. That the words, according to their usual construction and common acceptation, are construed as insults, and tend to violence, and breach of the peace, is sufficient to render them actionable, and that is all the statute requires, for insults tend to violence and a breach of the peace, whether exhibited to a third person or not, even when spoken to another out of the presence of a third person. Va. Code 1887, sec. 2897; Code of W. Va., ch. 103, sec. 2, p. 774; Rolland v. Batchelder, 84 Va. 673, 5 S. E. Rep. 695.
1. GENERAL CIRCULATION NOT NECESSARY. —It is not necessary that the contents of a writing should be made known to the public generally, to constitute a publication. It suffices if it is made known to a single person. Adams v. Lawson, 17 Gratt. 250, 94 Am. Dec. 455; Granger v. Com., 78 Va. 214. See also, Holland v. Batchelder, 84 Va. 673, 5 S. E. Rep. 695.
2. COMMUNICATIONS TO OTHERS — A certain letter containing the libel is sent sealed, but the writer afterwards states in the presence of several persons that he had gotten another person to write the letter for him, and he had signed his own name to it, and kept a copy; and states the contents of the letter; but without producing it or a copy of it. Held, this was a publication of the libel. Adams v. Lawson, 17 Gratt. 250.
Private Letter. — The writing of a letter by the defendant, and its dispatch to the person libelled by a servant, is a sufficient publication of it. Rolland v. Batchelder, 84 Va. 664, 5 S. E. Rep. 695.
Criminal Prosecution. — In a criminal prosecution for libel, it does not show a purpose on the part of the prisoner to suppress the libel after its publication, because he refuses to give a handbill containing the libel, to a third person, and is not evidence in mitigation of punishment, especially when he adds after his refusal to give a copy away, “that he wished to consult his brother before circulatino it,” and still more when he said to the third party that “he would readitto him if he stepped into a saloon near by,” for this latter offer would clearly have been a publication of it. Granger v. Com., 78 Va. 212, 214.
3. PROOF OF CIRCULATION. — A letter stating that the writer had heard of a slanderous report, is admissible in evidence, to prove, the circulation of the report, as this has important bearing on the question whether the plaintiff has been injured, and what is the extent of that injury; the handwriting of the person who wrote it being proved, it is complete evidence of the fact that the report had been heard by the writer. But the letter is not competent evidence to establish the fact that the defendant propagated the report. Schwartz v. Thomas, 2 Wash. 167, 1 Am. Dec. 479.
VI. PRIVILEGED COMMUNICATIONS.
1. CLASSES OF PRIVILEGED COMMUNICATIONS. — According to the authorities the following are the classes of privileged communications or publications: 1. Whenever the author or publisher of the alleged slander acts in the bona fide discharge of a public or private duty, legal or moral, or in the prosecution of his own rights or interests, for example a friendly caution, or a confidential letter concerning a solicitor conveying charges injurious to *425 Ms professional character in managing' certain concerns in which the writer was interested, and when the person the letter is written to has employed the solicitor. 2. Anything said or written by a master in giving the character of a servant who has been in his employment. S. Words used in the course of a legal or judicial proceeding, however hard they may bear upon the party concerning whom they are used. 4. Publications duly made in the ordinary mode of parliamentary proceeding. In the above cases, of course, the burden of proving malice is shifted to the plaintiff, and he can no longer rely on the presumption of law in his favor, for this is all “privileged communication” means. This privilege may be shown under the general issue. Dillard v. Collins, 25 Gratt. 352; Ward v. Ward (W. Va.), 35 S. E. Rep. 875; Johnson v. Brown, 13 W. Va. 71, 120, 121, 122; Strode v. Clement, 90 Va. 553, 19 S. E. Rep. 177. See 4 Min. Inst. (4th Ed.) 472 et seq.
2. ABSOLUTE PRIVILEGE.
a. Judicial Proceedings. — The authorities, both American and English, fully establish the position, that there is a class of absolutely privileged communications, for which actions of slander and libel will not lie, though the defendants be ever so guilty of express malice, and that there should be such a class is absolutely essential to the untrammeled administration of justice, and is sustained by the soundest reasoning. It is absolutely essential to the ends of justice, that everybody should have a right to bring an action for any complaint; and that he should make his allegations with impunity; and the defendant should have a like immunity in any civil action. This is necessary to a thorough investigation of the truth. If the parties are to be placed in fear of suits for libel or slander for reflections cast upon the parties or others, or if their defence must depend upon the truth of what was said, or their ability to satisfy the jury of the absence of malice, then the trial of civil suits would be far less likely to lead to correct results, than where this embarassment is not felt. Perfect freedom to say in these pleadings, whatever the parties choose to bring to the consideration of the court or jury, tends obviously to promote the intelligent administration of justice. This perfect freedom is more important to secure than it is to prevent these unfounded reflections on character, and moreover, if they are unfounded, they will not generally cause any lasting injury, as their injustice will appear at the trial. Then the judge, too, will prevent an abuse of this privilege. Johnson v. Brown, 13 W. Va. 129, 130, 5 Va. Law Reg. 10.
Broad Statement. — But a number of authorities lay down the proposition broadly, that no action of libel can be maintained for any defamatory matter, contained in a pleading in a court having civil jurisdiction. This view, with some qualifications, was reached by the English courts, and the qualification was that the pleading must be filed in a court having jurisdiction of the subject. Johnson v. Brown, 13 W. Va. 71, 112.
Bill in Chancery — Handbills.—There is obviously a great difference between holding allegations in a bill in chancery of a libelous character not actionable, and holding that the publication of such a bill in handbills and circulation thereof is not actionable, and hence the controversy in England as to whether a true report, as to what passed in a court of justice, was or was not absolutely privileged, throws no light on the question whether the proceedings themselves in a court of justice are not thus absolutely privileged. Though public policy might require very rightly, that a plaintiff in asserting his rights before a court, should be allowed to insert in his bill libelous matter, as otherwise he might fear to allege what was necessary to attain justice, still such public policy may not permit the publication in such handbills of a bill in chancery, and the circulation thereof, as this could not help the plaintiff to assert his rights, ana no reasons of public policy or justice seem to require such a circulation. Johnson v. Brown, 13 W. Va. 125.
b. Statement op Rule. — Libelous matters published only in the due course of legal procedures, cannot be the basis of a libel suit, provided the court, in which they were published, had jurisdiction of the cause, and they were pertinent to the suit, even if they be libelous reflections on the character of persons, not parties to the suit, if the suit was not resorted to merely for the purpose of conveying the scandal, and as a cover for the malice of the party, and not in good faith for the assertion of a right, or redress of a wrong. Johnson v. Brown, 13 W. Va. 71.
General American Rule — Exception to Rule. — “The general American rule is that statements made in a judicial proceeding by witness, counsel or party, concerning one not a party to such proceedings, and not before court either as a party or witness, are not privileged, unless pertinent and relevant to the issue. Johnson v. Brown, 13 W. Va. 122 et seq., is the only American authority to the contrary — a decision of much ability covering the entire field of privileged communications in judicial proceedings. ’ ’ 5 Va. Law Reg. 1-13.
Statements of Judges, Parties, Counsel, Witnesses— Persons Not before the Court. — The whole subject of communications in judicial proceedings that are privileged, is very ably and exhaustively set forth by Mr. E. O. Pyle in an article in 5 Va. Law Reg. 1-13. in which he reviews the American and English authorities on the subject with reference to Judges, Parties, Counsel, and Witnesses, the statements concerning Persons Wot before the Court.
c. Province op Court — Op Jurv. — -Whether libelous matters, if they are contained in the pleadings in a cause, are, or are not, pertinent to the cause, is a question of law, which ought to be decided by the court, and not a question of fact to be submitted to the jury. But the question whether the defendants had reasonable cause for believing, and did actually believe, the alleged libelous matters to be pertinent in the chancery cause, is a question of fact to be decided by the jury. Johnson v. Brown, 13 W. Va. 71.
d. Presumption op Malice. — The defences that libelous matter contained in pleadings was pertinent to the canse, that the court had jurisdiction, or that the defendants had reasonable cause for believing and did actually believe it to be pertinent to the cause may be shown under the general issue. And upon the trial of such an issue if it appear, that the libelous allegations were published in the due course of legal procedure, though it be proved, that the court had no jurisdiction, or that the allegations were not pertinent to the legal procedure, still the law does not presume malice on the part of the defendant but the plaintiff must prove express malice, to entitle him to recover. The simple fact, that the libelous matters were published in the due course of legal procedure, though the court had no jurisdiction, or the libelous matters were impertinent, rebuts the prima facie presumption of malice, and makes it incumbent on the plaintiff to prove express malice, the case being what is called a *426 conditionally privileged communication. Johnson v. Brown, 13 W. Va. 71. See post this note, title, “Pleading and Practice.”
3. QUALIFIED PRIVILEGE.
a. Definition. — “The proper meaning of a qualified privilege is only this: That the occasion, on which a communication is made, refutes the inference prima facie, arising from a statement prejudicial to the character of the plaintiff, and puts the onus upon the plaintiff to prove actual malice or malice in fact.” Johnson v. Brown, 13 W. Va. 126.
Instances. — Newell, in his work on Slander (p. 389), in speaking1 of qualified privilege, says: “It extends to all communications made bona fide upon .any subject-matter in which the party communicating has an interest, or in reference to which he has a duty toa person having a correspondinginterestor duty; and the privilege embraces cases where the duty is not a legal one, but where it is of a moral or social character or imperfect obligation. ” See Ward v. Ward (W. Va.), 35 S. E. Rep. 875. In the latter case the above language was approved and adopted.
b. Same at Common Law and under the Stat-' ute. — A communication which would be privileged at common law, is, if made under similar circumstances, privileged in an action for insults under the statute. Va. Code 1873, ch. 145, § 2; Va. Code 1887, § 2897; W. Va. Code ch. 103, §.2; Chaffin v. Lynch, 84 Va. 884, 6 S. E. Rep. 474.
Right to Communicate Slander. — It is now a settled principle of law that a communication honestly made in the performance of a social duty,, is no less privileged than one made in self-defence, or in the protection of one’s interest. And a communication, made under such circumstances, and without malice, is protected, notwithstanding its imputations be false, or founded upon the most erroneous information. The rule has been extended in the interests of society, in order that a person’s standing in the business and social world may be correctly known. Chaffin v. Lynch, 83 Va. 118, 1 S. E. Rep. 803; Dillard v. Collins, 25 Gratt. 343; Johnson v. Brown, 13 W. Va. 93; Ward v. Ward (W. Va.) 35 S. E. Rep. 875.
c. Right to Reply to an Attack. — Although it is true that one insult cannot be set off against another, yet if a man is attacked in a newspaper, he may reply; and if his reply is not unnecessarily defamatory of his assailant, and is honestly made in self-defence, it will be privileged. Chaffin v. Lynch, 83 Va. 118, 1 S. E. Rep. 803; Bourland v. Eidson, 8 Gratt. 40; McAlexander v. Harris, 6 Munf. 465.
Abuse of Privilege. — Although a communication is made bona fide, still it is not privileged, and will not be protected, if it goes beyond the occasion or exigency, and is unnecessarily defamatory of the plaintiff, or is more extensively published than the circumstances of the case require, though the plaintiff may have honestly believed that in all he did he was discharging a duty, for a man in defending himself must not overstep the line of legitimate de-fence, and unnecessarily become an aggressor. Whether the occasion imposes a duty upon the defendant, is to be determined by the circumstances. Chaffin v. Lynch, 84 Va. 884, 6 S. E. Rep. 474.
d. Instances oe Privileged Communications.— When a man writes to another, informing him that his servant is dishonest and untrustworthy; or writes to a woman informing her that the man she proposes to marry is unworthy of her hand; or where words are spoken of a tradesman to the effect that he will soon become a'_ bankrupt, are all instances of privileged communications, and will be protected, when made, in confidence and friendship as a caution, bona fide and without malice, because they are made in the performance of a moral duty. A communication made in self-defence, is protected upon the same ground. Chaffin v. Lynch, 84 Va. 884, 6 S. E. Rep. 474; Dillard v. Collins, 25 Gratt. 343.
“He Is AI1 Broke Up.” — To say to a creditor of a plaintiff that “he is all broke up,” and similar expressions, is a privileged communication, as the pecuniary condition of a debtor is a matter about which a creditor is interested, and about which he is entitled to know. Ward v. Ward (W. Va.), 35 S. E. Rep. 873; Strode v. Clement, 90 Va. 553, 19 S. E. Rep. 177; Reusch v. Roanoke Cold Storage Co., 91 Va. 534, 22 S. E. Rep. 358.
Honest Communication. — “If a person having information materially affecting the interest of another, honestly communicates it privately to such other party, in the full and reasonably grounded belief that it is true, he is justified in so publishing it, though he has no personal interest in the matter, and though no inquiry has been made of him, and though the danger to the other party is not imminent.” 2 Greenl. on Evidence, §.421; Ward v. Ward (W. Va.), 35 S. E. Rep. 876.
Right to Defend Character, — The defendant published a statement in a newspaper that the plaintiff had attempted to decoy away his customers, and clients. The plaintiff denied the charge in the same newspaper, and in his denial he styled the defendant’s statement as “a contemptible, cowardly, and malicious lie.” The defendant replied by publishing a card in which he referred to the plaintiff’s “known character as a liar,” and that any person who.was “scoundrel enough” to have acted as the plaintiff had “would be unprincipled enough to deny it when charged with it.” The court held that the occasion of the defendant’s reply was privileged, because “every man has a right to defend his character against false aspersion, and, indeed, it is a duty which he owes to his family. If I am attacked in a newspaper, I may write to that newspaper to rebut the charges, and may at the same time retort upon my assailant, when such retort is a necessary part of my defence, and fairly arises out of the charges he has made against me.” And it ought to have been left to the jury to say whether he abused his privilege, and had acted with malice, or honestly, and in the protection of his own interest. Chaffin v. Lynch, 83 Va. 106,1 S. E. Rep. 803.
Interest in the Subject-Matter. — In one case the plaintiff and defendant, having become involved in a dispute over the ownership of certain notes, the defendant wrote to the plaintiff, asking whether he could go through life with a breach of trust taint on his character, and stating that his account books would blast him for life, as they swarmed with false entries that he would not correct, and that his conduct would end in the total ruin of his character» and threatening a publication of the facts in a newspaper. It appeared that the defendant did own some of the notes in dispute, and there was no proof of malice intended by the letter; that the defendant honestly believed some of the entries in the books were false, and was partially sustained by the facts, though the plaintiff explained how such entries were made. The court held that the communication was on a privileged occasion, since it was a matter in which the plaintiff was interested, and, that the presumption that the defendant acted without malice was not rebutted by the language of the letter. Strode v. Clement, 90 Va. 553, 19 S. E. Rep. 177.
*427 Landlord and Tenant. — There is nothing in the relation of landlord and tenant that will bring disclosures by the former to the latter within the class of privileged communications, and rebut the presumption of malice, especially when the tenants own their property and the landlord continues to warn them against the plaintiffs on the ground that they are thieves. In such a case he is not acting in the protection of his own rights and interests, and there is no public or private, legal or moral duty resting upon him to continue to warn these and other people. Dillard v. Collins, 25 Gratt. 355. See also, Johnson v. Brown, 13 W. Va. 123.
e. How Privilege Ascertained. — -Tn an action for insults, the question whether a letter is a privileged communication depends, (1) upon whether it was written on a privileged occasion; and if so, then (2) upon whether the occasion was used bona fide, and without malice. Strode v. Clement, 90 Va. 558, 19 S. E. Rep. 177; Chaffin v. Lynch, 84 Va. 884, 6 S. E. Rep. 474.
Existence of Privilege, Question of Law. — It seems to be well settled that the question whether an occasion was privileged, and also whether the privilege was qualified or absolute, is one of law for the court to decide. Ward v. Ward (W. Va.), 35 S. E. Rep. 873; Chaffin v. Lynch, 83 Va. 106. 1 S. E. Rep. 803; Chaffin v. Lynch, 84 Va. 884, 6 S. E. Rep. 474; Strode v. Clement. 90 Va. 553, 19 S. E. Rep. 177.
f. Province of Court — Province of Jury. — It is settled law that a communication made by a person, in the conduct of his own affairs, where his interest is concerned, is privileged, if without malice, and whether or not such an interest exists as to make the occasion privileged is a question for the court; and, if the occasion be held privileged, then it is for the jury to say whether it was used bona rfdeand without malice. Strode v. Clement, 90 Va. 553, 19 S. E. Rep. 178; Chaffin v. Lynch, 83 Va. 106, 1 S. E. Rep. 803; Reusch v. Roanoke Coal Storage Co., 91 Va. 534, 22 S. E. Rep. 358; Chaffin v. Lynch, 84 Va. 884, 6 S. E. Rep. 474.
Province of Jury — Malice.—Where the supposed libel is the publication of a privileged communication, the question of malice should be submitted to the jury. Reusch v. Roanoke Cold Storage Co., 91 Va. 534, 22 S. E. Rep. 358.
VII. CRITICiSn AND COMMENT.
1. CANDIDATES FOR OFFICE. — When one becomes a candidate for office to be elected by the people more freedom is allowed to criticism than in the case of other persons. Any one may comment freely upon his conduct and actions, and they may be canvassed and boldly censured even though the criticism be unjust, of which the party himself is the sole judge, provided always that the criticism be bona fide and without malice, and the acts or conduct commented on are, in fact, what they are represented to be. And besides the above-mentioned privileges, his talents and qualifications, mentally and physically for the office, which he asks from the people, may be freely commented on in the news-' papers, though such comments be harsh and unjust or false and no malice will be implied. It must be observed, on the other hand, that no one has a right, by a publication, to falsely impute crimes to a candidate, or publish allegations affecting his moral character generally, nor to publish defamatory language, affecting his moral character, even though it is published as a criticism. If one accuse another of crime, itis presumptively false, and malice is inferred therefrom, and that the plaintiff is a candidate for office is no excuse. Sweeney v. Baker. 13 W. Va. 158; Com. v. Morris, 1 Va. Cas. 175, 5 Am. Dec. 515.
What Candidates. — Many remarks, however, are admissible against a candidate for an office to which he is elected by the people, that are not allowable against a candidate for office, the appointment to which is made by a board of limited numbers like a city council; in case of the latter officers, the freedom of speech is much more limited. Sweeney v. Baker, 13 W. Va. 195.
2. NEWSPAPER PROPRIETORS — “ FREEDOM OF PRESS.” — A newspaper proprietor is just as liable as any other person for what he publishes in his newspaper, and is liable in the same manner and to the same extent. What a newspaper proprietor can publish, any other private citizen may publish, as the newspaper has no special privil ege in the eyes of the law, and a misapprehension has, to a great extent, grown out of the meaning of the terms “freedom of press” and “liberty of the press,” some persons supposing that this gave newspaper proprietors a privilege to publish with impunity what others would he responsible for, but its proper meaning is that newspaper proprietors may publish, without license previously obtained, whatever they choose, but are to be responsible exactly as any one else would be for the publication. Sweeney v. Baker, 13 W. Va. 158.
3. TRUTH A JUSTIFICATION — INDICTMENTS.— Upon an indictment or information for libel against public officers, or candidates for public office, truth is a justification, and may be given in evidence. Com. v. Morris, 1 Va. Cas. 175.
VIH. WHO ARE LIABLE FOR SLANDER OR LIBEL.
1. INSANE PERSONS. — It seems that insane persons are not liable for slander. Withrow v. Smithson. 37 W. Va. 757, 17 S. E. Rep. 316; Horner v. Marshall, 5 Munf. 466.
2. HUSBAND LIABLE FOR SLANDER AND LIBEL OF WIFE. — Though the common-law rule, making the husband liable for the slanders and other torts of his wife still prevails, yet it is a rule that has lost the reason for which it was originally laid down, since the married woman’s acts have preserved to the wife such estate, and her earnings, as the wife’s separate estate, free from the husband's control, enjoyment, or liabilities. The continuance of the rule is wholly out of joint with the times and the spirit of the age, and is an inequity and injustice calling loudly for legislative relief. It seems strange, unreasonable, and monstrous that the rule has stood so long. Opinion of brannobt, J., in Withrow v. Smithson, 37 W. Va. 757. 17 S. E. Rep. 317.
IX. DEFENCES.
1. TRUTH OR JUSTIFICATION.
a. Civil Actions. — The rule at common law and under the statutes and constitutions of -Virginia and West Virginia, is that the truth is a complete de-fence to a civil actionfor libel or slander. Va. Code 1887, sec. 3375; Constitution of W. Va. art. 3. sec. 8, W. Va. Code. ch. 130, sec. 47, p. 625; Moseley v. Moss, 6 Gratt. 534; Sweeney v. Baker, 13 W. Va. 158.
No Justification under the Statute Formerly. — But as the statute formerly stood it was held that to an action for insulting words under that statute, no plea of justification could be received. Brooks v. Calloway. 12 Leigh 466; Moseley v. Moss, 6 Gratt. 534. See Hogan v. Wilmoth, 16 Gratt. 80, which comments upon the two cases cited above.
*428 Good Motives and for Justifiable Ends. — Article 3, § 8 of the Constitution, of W. Va. provides: "In prosecutions and civil suits for libel the truth may be given in evidence: and if it should appear to the jury that, the matter, charged as libelous, is true, and was published with good motives and justifiable ends, the verdict shall be for the defendant.”
The purpose of this was to settle the bitter controversy, as to whether in a criminal prosecution for libel the truth shall be a bar to the proceedings, and, as will be seen, it determines that it shall be a bar only when published with good motives and justifiable ends, and it further puts upon exactly the same footing, common-law statutory suits for libel; the truth being a bar when made with good motives and justifiable ends, and not otherwise. Sweeney v. Baker. 13 W. Va. 205.
Rule in Action for Slander — Good Hotives. — But it is not necessary for a plea, in an action for verbal slander to show that the charges were made "with good motives and justifiable ends,” as this requirement, contained in art. 3, § 8, of the W. Va. Constitution, applies strictly to actions for libel, and does not include actions for defamation or verbal slander. § 47, ch. 130 of the Code of W. Va. applies to actions for defamation, and only requires allegations and proof that the words written or spoken art true. McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415.
b. Indictments fob Libel. — Upon an indictment or information for libel, it is in no case necessary or proper for the defendant to plead the truth of the libel. Com. v. Morris, 1 Va. Cas. 175.
Indictment — Truth in Mitigation. — But upon an indictment or information for libel of individuals, not public officers, or candidates for public office, truth, though no justification, may be given in evidence in mitigation of a fine. Com. v. Morris, 1 Va. Cas. 175.
c. Justification of a Charge of Perjury. — It seems well settled that when the defendant justifies to the charge of perjury, he must prove all the particulars which constitute the crime of perjury; that is, the deliberate deposition, the lawfully administered oath, the judicial proceedings, the absoluteness of the matter testified to, its’ materiality direct or collateral to the point in question and its falsity, and the falsity óf the words must be proved by two witnesses or by one witness and strong corroborating circumstances, and the oath of the accused, who is presumed innocent until proved guilty, stands as the oath of a disinterested witness. Hogan v. Wilmoth, 16 Gratt. 80; McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415; Kirtley v. Deck, 3 H. & M. 388.
Sufficiency of Other Defences. — In an action of slander, for saying of the plaintiff, 1st, “G. Hancock (plaintiff) has stolen my slave;” 2d, “G. Hancock (plaintiff) has taken my slave, and I will have him sent to the penitentiary for it;” 3d, "G. Hancock.” etc. Defendant, after pleading “not guilty” to the whole declaration plead justification to the 2d count i..e. because, etc., he did take a slave named Nan, the property of the defendant, out of his possession, in such manner and with such intention, as would subject him to the punishment mentioned by the defendant.” ffeld, to support the plea of justification to the second count in this declaration, it was sufficient for the defendant to show that the slave Nan had been a long time in his possession as a slave, and was purchased by him as such, notwithstanding the pendency of a suit at that time by Nan for her freedom. Hook v. Hancock, 5 Munf. 549.
Insanity a Defence to Slander. — It is a sufficient ground of equity for a perpetual injunction to a judgment in slander, that at the time of speaking the defamatory words, and when the judgment was obtained, the complainant in the bill (who was defendant at law) was insane, or in a state of partial mental derangement on the subject to which those words related. Horner v. Marshall, 5 Munf. 466. See also, Withrow v. Smithson, 37 W. Va. 757, 17 S. E. Rep. 316.
Repetition No Defence. — A defendant who has circulated a slander about a young girl, cannot offer evidence to prove that others had heard the same slander. It is no excuse for him that others had heard the same slander after he himself had set it going. Blackwell v. Landreth, 90 Va. 748, 19 S. E. Rep. 791; Cheatwood v. Mayo, 5 Munf. 16; Dillard v. Collins, 25 Gratt. 343.
Words Spoken in the Heat of Passion. — It is no de-fence or justification for the defendant that he used the words charged, in the heat of passion, provoked by the plaintiff’s quarrelsome and insulting words. McAlexander v. Harris, 6 Munf. 465; Dillard v. Collins, 25 Gratt. 343.
d. Apology in Mitigation. — In any action for defamation the defendant may give the truth in evidence as a justification for the slanderous words, or an apology in mitigation of damages. Va. Code 1887, § 3355; Code of West Virginia, ch. 130, § 47.
e. One Slander Cannot Be Set Off against Another. — It is no defence in an action of slander, even in mitigation of daniages, that previous to the speaking of the slanderous words laid in the declaration, the plaintiff had used equally offensive and insulting words towards the defendant. Bourland v. Eidson, 8 Gratt. 27; Chaffin v. Lynch, 83 Va. 106, 1 S. E. Rep. 803.
Specification of Facts as Justification. — When a defamatory charge is made in general terms.it can only be j ustified by specification of the facts which are relied on to establish its truth. Amos v. Stockert (W. Va.), 34 S. E. Rep. 821.
X. EVIDENCE.
1. SCOPE OP THIS SECTION — Under the head of evidence only such matters will be discussed, as do not fall under the other heads in this note. So, for further authority, reference is made to sections on Publication, Malice, and Damages.
Admissions — Res Geste. — In an action for libel,. a witness cannot testify to a conversation he has had with the general manager of the defendant company several weeks after the writing of the defam-" atory letter, as it is hearsay. And the alleged admissions that the general manager made in the above-mentioned conversation, cannot be considered in evidence against the defendant company, because they were made several weeks after the letter complained of was written, and hence do not form a part of the res gestee. Reusch v. Roanoke Cold Storage Co., 91 Va. 534, 22 S. E. Rep. 358.
Proof of Negative. — H. swore in an affidavit that L. had engaged to pay certain taxes, L. said that the statement was false, that it was all a lie and thathe would have H. indicted for perjury. H. brought an action for slander against L. and he pleaded a justification, and the court held that the onus probandi was on the defendant to prove that the plaintiff’s affidavit was false, even though it required the difficult task of proving a negative, contrary to the *429 general rule that he who holds the affirmative of the issue must prove it. Hinchman v. Lawson, 5 Leigh 695.
2. EVIDENCE IN SUPPORT OP CHARACTER.— Even before the defendant has introduced any evidence, in an action for libel, the plaintiff may introduce evidence to prove that prior to the publication of the libel, his general character for truth and honesty had been good, and the plaintiff is not precluded by the presumption that the law indulges in his favor, that his character is good, until the contrary appears. Adams v. Lawson, 17 Gratt. 250, 260; Shroyer v. Miller, 3 W. Va. 158, 161.
General Character of the Plaintiff. — It is inadmissible to allow proof of the general character of the plaintiff, as an insulting, provoking and quarrelsome man, and, that before the speaking of the words imputed to the defendant, the plaintiff was in the habit of vilifying, provoking and insulting the defendant and his family. Everything that happened at the time is admissible, as a part of the res yestce, and nothing else. McAlexander v. Harris, 6 Munf. 465.
General Bad Character of Plaintiff for Veracity. —fn an action for slander for falsely accusing the plaintiff of perjury, it is well settled that the defendant may offer proof of the general bad character of the plaintiff for veracity although it be not in issue, for the general character of the plaintiff is in issue in every declaration in slander, and moreover it is always to be considered by the jury in mitigation of damages, for “certainly one of disparaged fame, is not entitled to the same measure of damages, with one whose character is unblemished.” This is true for actions under the statute as well as at common law. McNutt v. Young, 8 Leigh 542; Moseley v. Moss, 6 Gratt. 534.
Evidence Most Be Relevant — In an action for slander it is inadmissible to ask a witness what the habits of the neighbors were with reference to social intercourse with the plaintiff, and upon a charge of horse stealing, it is inadmissible to ask a witness as to rumors in the neighborhood that the plaintiff had stolen a hog, the rule being that though the general bad character of the plaintiff is admissible in evidence, under the pleas of not guilty and justification, yet the enquiry must be limited to that specific matter with which he is charged. Dillard v. Collins, 25 Gratt. 359.
A defendant cannbt introduce evidence of a fight had between the plaintiff and defendant, prior to the uttering of the slanderous words, on the ground that the plaintiff’s counsel had referred to this fight in his opening statement to the jury, lor it has no connection with the utterance of the slanderous words. Harman v. Cundiff, 82 Va. 239, 246.
Impeachment of Witnesses — In an action for slander, the defendant may introduce evidence to prove particular facts, showing that the plaintiff’s witnesses had feelings of ill-will towards him, for although particular facts of hostility cannot be proved to impeach the credit of witnesses, when supported by general reputation; still hostility towards one of the parties is not, in its nature, a matter of general reputation, and if proved at all, must be proved by particular facts and circumstances. Rixey v. Bayse, 4 Leigh 330.
Impeachment of Character for Veracity. — A witness cannot testify to particular facts, in order to discredit a witness, to whose general character for veracity he had before borne testimony, for the credit of a witness can be impeached by general evidence only, and not by evidence of particular facts of falsehood. Rixey v. Bayse, 4 Leigh 330.
Perjury — Proof—Record.—In an action for slander, upon a charge by the defendant that the plaintiff, as a witness before a court of record, was guilty of perjury, the record must first be produced to show that the evidence was material, the record being the best evidence of that fact, and until this is done a witness will not be allowed to testify to what was sworn upon the trial in question. Kirtley v. Deck, 3 H. & M. 388.
XI. DAHAGES.
1. SPECIAL DAMAGE — Where words are not actionable per se, because they do not impute a crime to the plaintiff, or the having of a contagious disease, or do not affect him in his trade, profession or calling, etc., then there must be an averment and proof of special damage, and the present character of the special damage suffered must be specifically alleged in the declaration, such as the loss of customers, etc. 4 Min. Inst. (4th Ed.) 465; Hansbrough v. Stinnett, 25 Gratt. 498; Harman v. Cundiff, 82 Va. 289, 244; Hoyle v. Young, 1 Wash. 150; Moore v. Rolin, 89 Va. 107, 111, 15 S. E. Rep. 520; Reusch v. Roanoke Cold Storage Co., 91 Va. 534, 22 S. E. Rep. 358. See also, Moseley v. Moss, 6 Gratt. 538; Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725.
Filing a Mechanic’s Lien. — The filing of a mechanic’s lien by a subcontractor, prematurely, and without authority of law, is actionable per quod. Va. Code, § 2476; Moore v. Rolin, 89 Va. 110, 15 S. E. Rep. 520.
Loss of Customers as Special Damage, —in an action for libel under section 2897 of the Va. Code, where no special damage is claimed except from loss of customers, no proof can be received of the loss of any customers except those mentioned in the declaration. Reusch v. Roanoke Cold Storage Co., 91 Va. 534, 22 S. E. Rep. 358.
Names Need Not Be Alleged. — In an action for libel for prematurely filing a mechanic's lien, the declaration should allege some special damage to the plaintiff, where the language of the lien does not necessarily import injurious defamation, but it is not necessary to give the name of any one whose custom has been lost to the plaintiff. Moore v. Rolin, 89 Va. 107, 15 S. E. Rep. 520.
2. ELEMENTS OP DAMAGES IN GENERAL.
Exemplary Damages — Wealth of Defendant. — It is proper to instruct the jury that, if they believe from the evidence that the defendant spoke the defamatory words, and was actuated by actual malice towards the plaintiff, they may give exemplary damages, that the defendant’s wealth is to be considered, only so far as it tends to show his rank and influence in society, but not to show his ability to pay. Harman v. Cundiff, 82 Va. 246; Womack v. Circle, 29 Gratt. 192, 201. See also, 4 Min. Just. (4th Ed.) 464.
Particular Bad Traits. — Particular bad traits of the plaintiff, in no way connected with the defamatory charge, cannot be shown in mitigation of damages. McAlexander v. Harris, 6 Munf. 465. See also, Cheatwood v. Mayo, 5 Munf. 16.
Apology. — Under the statutes, the defendant may show in mitigation of damages that before the commencement of the action, or as soon thereafter as possible, he offered an apology to the plaintiff for his defamatory words. Va. Code 1887, §3375; Code of W. Va., ch. 130, § 47.
Truth in Mitigation of Damages. — Under the statute of insulting words, it is admissible to give in evidence under the general issue, the truth of the *430 slanderous words, not as a toar to ttoe action, tout in mitigation of damages, because, under the statute, the truth could not toe pleaded in toar, and it was proper, that it should, in some manner, toe brought before the jury. Moseley v. Moss, 6 Gratt. 534; Brooks v. Calloway, 10 Leigh 469. But see Sweeney v. Baker, 13 W. Va. 158, 204; Amos v. Stockert (W. Va.), 34 S. E. Rep. 825. But see Va. Code 1887, § 3375; Code of W. Va. ch. 130, § 47.
In an action for slander at common law, evidence is not admissible under the general issue in mitigation of damages, which proves or tends to prove in any form or shape, the truth of the words. But, on the other hand, where defamatory words point to a specified act of the plaintiff, and the evidence offered in mitigation of damages neither proves nor tends to prove, or upon the whole negatives the truth of the words, it is admissible, where it shows the improper conduct of the plaintiff in relation to the transaction in question. Bourland v. Eidson, 8 Gratt. 27; Cheatwood v. Mayo, 5 Munf. 16; McAlexander v. Harris, 6 Munf. 465; Moseley v. Moss, 6 Gratt. 534.
Per jury. — In an action for slander for charging the plaintiff with perjury in a judicial proceeding, though it is improper to permit the defendant to prove the falsity of the plaintiff’s words, and thus fix upon him the charge of perjury indirectly, yet he may prove what those words were, in mitigation of damages. Grant v. Hover, 6 Munf. 13.
General Bad Character of Plaintiff. — Under plea of “not guilty” the defendant may show, in mitigation of damages, the general toad character of the plaintiff for honesty. Dillard v. Collins, 25 Gratt. 355; McNutt v. Young, 8 Leigh 542.
Circumstances of Suspicion. — In order to justify a slanderous charge, proof of circumstances of suspicion, not amounting to full justification, are not admissible, under the general issue, in mitigation of damages. Such a proceeding is altogether inadmissible, being not only contrary to justice and policy, but also injurious to the plaintiff, as tending to entrap and surprise him at the trial. McAlexander v. Harris, 6 Munf. 465; Cheatwood v. Mayo, 5 Munf. 16; Sweeney v. Baker, 13 W. Va. 205. But see Va. Code, ch. 176, § 44 (also in force in W. Va.), for the change it wrought in the above rule.
Retraction. — Repetition of the slander, proving the defendant’s ill-will towards the plaintiff, may be given in evidence byway of aggravation. Mu con-seauenti, therefore, the defendant may give retraction in evidence, by way of mitigation of damages. McAlexander v. Harris, 6 Munf. 465.
Standing of the Parties. — In ascertaining the measure of damages, it is proper for the j ury to consider the plaintiff’s standing and that of the defendant. Harman v. Cundiff, 82 Va. 239.
Character of Plaintiff. — As it is admissible for a plaintiff to introduce a witness to testify to his general character, when speaking on oath and when not on oath, as a man of truth, a fortiori is it admissible for the defendant to cross-examine the witness as to the plaintiff’s general moral character, as the character of the prosecutor is of some importance in estimating the quantum of damages, and it is no hardship in holding that a plaintiff suing for his character must come prepared to defend it from general attacks. Lincoln v. Chrisman, 10 Leigh 338; McNutt v. Young, 8 Leigh 542; 4 Min. Inst. (4th Ed.) 469.
Antecedent and Subsequent Slanders. — When the words laid in the declaration have been proved, then evidence of the speaking of like words, antecedent and subsequent to the words laid, is admissible. As the words are admitted only to effect the measure of damages, it would toe contrary to both reason and authority to admit such evidence before proof of the words laid. Hansbrough v. Stinnett, 25 Gratt. 506; Harman v. Cundiff, 82 Va. 245.
Damages Excessive. -, In an action for libel, the court will not grant a new trial on the ground that the damages are excessive, unless they are so enormous as to furnish evidence of prejudice, partiality, passion or corruption on the part of the jury. $8,000 was not considered excessive in the case cited below. Sweeney v. Baker, 13 W. Va. 158, 31 Am. Rep. 757.
Inadequate Damages. — It is rare that the court will disturb a verdict on the ground that the damages are too small. Ward v. White, 86 Va. 217, 9 S. E. Rep. 1021. But where a candidate for office circulates a false and slanderous report about a young girl living in the family of his opponent, and of hitherto unblemished name and fame, stating that she had been delivered of a bastard child, and that he believed it was his opponent’s, a verdict, upon such a charge, for five dollars will be set aside as being so palpably and grossly inadequate as to shock the moral sense of every just man. Blackwell v. Landreth, 90 Va. 748, 19 S. E. Rep. 791.
The act of the Assembly (1 Rev. Code 510, § 96), authorizes the granting of a new trial, in an action for slander, when the damages found toy the jury are manifestly too small. Rixey v. Ward, 3 Rand. 52, 55.
XII. PLEADING AND PRACTICE.
Declaration under the Statute. — In an action of slander, if the plaintiff proceeds under the statute, he must, in his declaration, aver that the words from their usual construction and common acceptation are construed as insults, and tend to violence and breach of the peace, or else employ some other or equivalent averments to denote that the words are actionable under the statute. Hogan v. Wilmoth, 16 Gratt. 80; Moseley v. Moss, 6 Gratt. 534; Payne v. Tancil, 98 Va. 262, 35 S. E. Rep. 725.
Declaration for Common-Law Defamation. — And where the declaration does not show toy proper averments, that the action is under the statute, it may be demurred to as defective, unless it sets out properly, and in substantial compliance with the rules of pleading, such a charge as constitutes defamation at common law, and if the words charged do not amount to slander they cannot be helped by the innuendo. Hogan v. Wilmoth, 16 Gratt. 80; Moseley v. Moss, 6 Gratt. 534; Sweeney v. Baker, 13 W. Va. 210; Shroyerv. Miller, 3 W. Va. 158; Argabright v. Jones, 46 W. Va. 144, 32 S. E. Rep. 995.
Judicial Proceedings — Necessary Allegations, — If a declaration on its face shows, that the libelous matters complained of were published in the due course of legal procedure, it will be held fatally defective on general demurrer, unless it further shows, that the libelous matters complained of are not absolutely privileged publications under the general rule, that all such publications are so privileged, toy alleging facts that bring it within some exceptions to this general rule, such as, that the court had no jurisdiction, or that the libelous matters alleged were not pertinent to such judicial procedure. Johnson v. Brown, 13 W. Va. 71.
Alternative Allegations. — A declaration in slander *431 laying both, counts in the alternative, that is to say, that the defendant spoke certain words, or words of the same import, is good after verdict. Bell v. Bugg, 4 Munf. 260.
Variance Immaterial — Amendment.—Where a declaration charges that the slanderous words were uttered in the presence of three named persons, and proof is that one of the three was not present, the declaration may be amended at the trial as the variance is immaterial. Harman v. Cundiff, 82 Va. 239; Hansbrongh v. Stinnett, 25 Gratt. 495, distinguished in above case.
Essentials of Good Count at Common Law. — To constitute a good count for slander at common law upon a charge of having committed an offence, it is held that the charge of the defendant, if true, must amount to such an offence or crime as would subject the plaintiff to the punishment annexed to it. Shroyer v. Miller, 8 W. Va. 158.
When Distinct Libels May Be Charged in Same Count. —If a declaration in a libel suit sets forth, in whatis drawn in the form of one count, that the defendant on a given day published a libel against the plaintiff, containing in one part certain specified libelous allegations, and also containing in another part certain other specified libelous allegations of an entirely different character, this is nevertheless but one count, it being entirely formal, by the rules of common law, to set forth in this manner all the libelous allegations published at one time. Sweeney v. Baker, 13 W. Va. 158.
Blending of Common Law and Statutory Slander in Same Count. — Ft is a well-settled principle of law, that common-law and statutory causes of action for slander cannot be blended in the same count. Chaffin v. Lynch, 83 Va. 115, 1 S. E. Rep. 803; Payne v. Tancil, 98 Va. 266, 35 S. E. Rep. 726; Moseley v. Moss, 6 Gratt. 547; Bourland v. Eidson, 8 Gratt. 39; Sweeney v. Baker, 13 W. Va. 158.
General Plea of Justification — Repleader.—In case for slander, if the defendant pleads the word “justification” only and the plaintiff replies generally, a verdict for the defendant should be set aside and a repleader awarded: but a verdict for the plaintiff ought not to be set aside, it being a rule, that a repleader is not grantable in favor of the person who made the first fault in pleading. Kirtley v. Deck. 3 H. & M. 388.
Plea — Surplusage — Statutory and Common-Law Libel. — A plea ought to be rejected, which is an allegation of the truth of a distinct portion of the libelous charges, contained in a count for a common-law libel, and that it was published with good motives and justifiable ends, when the portion of this charge was not at common-law libelous, as such a portion of a charge inserted in the declaration must be regarded as a surplusage. But such plea ought to be received, if pleaded to such a portion of the charges in a count in a suit brought under the statute for insulting words, as no distinct portion of such charges can be treated by the court as sur-plusage. Sweeney v. Baker, 13 W. Va. 158.
Pleas Must Not Be General — Common Law and Statute.- -A general plea, that the libelous matter charged is true an d was published with good motives and for justifiable ends, is not a good plea, where the libelous matter is a general charge. In such case the plea to be good, must specify the particular facts which show the general charge to be true, and must, unless the declaration shows it on its face, further allege the particular facts which show, that the end, for which the publication was made, was justifiable, and it would be insufficient, without so doing, to allege generally, that the motives were good and the ends justifiable. This applies equally to suits for common-law defamation, to libels, and to statutory suits for the publication of insulting words. Sweeney v. Baker, 13 W. Va. 158.
Plea Need Not Deny Express Malice. — If the declaration alleges facts showing, that the libelous allegations come within some exception to the general rule, a plea denying that they come within such exception, named in the declaration, by alleging that the court had jurisdiction, or that the libelous allegations were pertinent to the cause, as the case may be, is a good plea in bar, though it does not deny express malice. Johnson v. Brown, 13 W.Va. 71.
Judicial Proceedings —Pertinent —Honest Belief.— Moreover, a plea, that the libelous matters complained of were only published in the pleadings in a cause, instituted according to the regular course of judicial procedure, and that the defendant had reasonable cause to believe and did actually believe, that they were pertinent to the cause, is a good plea in bar ; and such a plea need not deny express malice. Johnson v. Brown. 13 W. Va. 71.
When Plea Must Deny Malice. — But if there is no allegation in the plea, that the libelous allegations were pertinent, or that the defendants had reasonable cause for believing, and did actually believe them to be pertinent to the cause, it must then deny malice in the publication, or the plea will not be a good plea in bar. Johnson v. Brown, 13 W. Va. 71.
Plea of Bankruptcy. — in an action for slander, a plea alleging that since the action was brought the plaintiff had been adjudged a bankrupt, should be rejected. Dillard v. Collins, 25 Gratt. 343.
Special Pleas of Justification. — In an action for defamation, where a special plea of justification is permitted to be filed, which undertakes to justify all the charges in the declaration, but is insufficient in its specifications as to anyone of them, and other special pleas are filed, justifying, by proper specifications, certain of the charges, and on the trial it appeared that the defendant offered no evidence to the jury to prove the truth of any of the charges not specifically justified in such other pleas, the appellate court will regard the filing of this insufficient plea, a harmless error. Amos v. Stockert (W. Va.), 34 S. E. Rep. 821.
Truth Must Be Specially Plead. — In an action for defamation, if the defendant would rely on the truth of the matter declared on, he must plead it specially, or he cannot give it in evidence at the trial. Amos v. Stockert (W. Va.), 34 S. E. Rep. 821.
When an Aggravation When a Mitigation of Damages. — i.f a plea of justification is filed, and is entirely or very slightly sustained by the evidence, the filing of such a plea is an aggravation of the damages, the jury should find under the plea of not guilty; but if the evidence is strong to sustain the plea of justification, though it fails to establish fully this defence, yet it-would tend to show a less degree of malice on the part of the plaintiff in uttering the words of publishing the libel, and should therefore be regarded as a mitigation of damages. The above rule is sustained by the weight of authority. Sweeney v. Baker, 13 W. Va. 206.
Charge of Perjury — Justification—Plea.—To sustain a plea justifying a charge of perjury, the defendant must prove: (1) that the evidence was false; (2) that it was about a matter or thing material to the investigation; (3) that it was wilful, or corruptly, knowingly, and intentionally given contrary to the *432 truth. McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415.
Perjury — Plea Must Allege Materiality. — A plea justifying a charge of perjury must allege that the matter or thing about which the false words were spoken was material to the issue; otherwise it is had. McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415.
Statute of Insulting Words — Joinder in Demurrer.— As the statute of insulting words says that no demurrer shall preclude a-jury from passing upon words that are insulting, it is improper to compel the plaintiff, in an action under this statute, to join in the defendant's demurrer to evidence. Rolland . v. Batchelder, 84 Va. 664, 5 S. E. Rep. 695.
Duplicity. — When it is objected that distinct libelous allegations are contained in one count, the defendant may plead separately to either or both parts of the count, but the objection cannot be taken by demurrer now, as duplicity is an error of form only and can only be reached by special demurrers, which have been abolished. Code of W. Va., ch. 125, § 29; Va. Code, ch. 15, § 3272. Sweeney v. Baker, 13 W. Va. 158.
Plea nust Conclude with a Verification —A plea in bar, that the libelous matter was published only in a pleading in the regular course of judicial procedure, and was pertinent thereto, should conclude with a verification by the record, as it proposes for decision a Question of law, and not one of fact. Johnson v. Brown, 13 W. Va. 71.
General Issue — Perjury.—In an action of slander for charging the plaintiff with perjury in.a judicial proceeding, the defendant on the plea of not guilty (though not permitted to show the falsity of the words sworn to by the plaintiff) may prove what those words were, in mitigation of damages. Grant v. Hover, 6 Munf. 13. See also, McClaugherty v. Cooper, 39 W. Va. 313, 19 S. E. Rep. 415; Brooks v. Calloway, 12 Leigh 466.
Truth, Good Motives — General Issue. — The truth, and that the publication was made with good motives and for justifiable ends cannot be given in evidence under the general issue. Sweeney v. Baker, 13 W. Va. 158; Amos v. Stockert (W. Va.), 34 S. E. Rep. 821.
Matters of Excuse Shown under Plea of Not Guilty.— In an action for slander under the plea of not guilty, the defendant may in mitigation of damages prove any facts as to the conduct of the plaintiff in relation to the transaction which was the occasion of the slanderous words complained of, which tend to excuse him for uttering the words, provided the facts do not prove or tend to prove the truth of the charge complained of, but in fact relieve the plaintiff from the imputation involved in it. Bourland v. Eidson, 8 Gratt. 27.
General Issue — General Bad Character for Veracity.— Under the plea of not guilty, the defendant may show, in mitigation of damages, the general bad character of the plaintiff for veracity when on oath. McNutt v. Young, 8 Leigh 542. See also, Dillard v. Collins, 25 Gratt. 343.